## Anna Pearson, Plaintiff in Error, v. Peter Pearson, Defendant in Error.

### Gen. No. 5,617.

1. DIVORCE—*custody of children.* In granting a divorce, the welfare of the children is the controlling consideration in determining who shall have custody of them where both husband and wife are equally fit.

2. DIVORCE—*discretionary power as to custody of children.* The common law right of the father to the custody of the child must yield to the discretionary power vested by statute in the court, where the best interests of the child demand it.

3. DIVORCE—*custody of children.* Where a wife, granted a divorce, has been granted liberal alimony but denied custody of the children, the Appellate Court on modifying the decree and awarding custody of a female child to the wife may provide that she shall not apply for a further allowance for her support but in case she is not willing to defray the expense of support and education may return the child to the father.

Error to the Circuit Court of Lake county; the Hon. CHARLES H. DONNELLY, Judge, presiding. Heard in this court at the October term, 1911. Affirmed in part, reversed in part and remanded with directions. Opinion filed October 15, 1912. Rehearing denied April 2, 1913.

E. V. ORVIS, for plaintiff in error.

ELAM L. CLARKE and COOKE, POPE & POPE, for defendant in error.

MR. JUSTICE WILLIS delivered the opinion of the court.

Anna Pearson filed a bill in the Circuit Court of Lake county, charging her husband, Peter Pearson, with extreme and repeated cruelty, asking for a divorce, for the custody of their minor children and suit money, alimony and solicitor's fees. He answered the bill, denying the charge of cruelty. There was a jury trial and a verdict for the wife, and the evidence at that

trial is not preserved in this record. A decree of divorce was granted, reserving the question of alimony and the custody of the children for further consideration. Later a hearing was had on the questions reserved, and on March 29, 1911, the court ordered the husband to pay the wife $8,600 alimony in real estate and money and awarded the custody of the children to the father, and this writ of error was sued out by the complainant to review that decree. The decree is not questioned here excepting as to the custody of the children.

The parties were married in 1888 and six children were born of such marriage, the oldest of them being of age and married. There were five minor children: William, aged 17 years; Albert, aged 16 years; Lillian, aged 13 years; Walter, aged 7 years, and Dorothy, aged 5 years. The custody of William is not in controversy here, the mother being willing that he should remain with the father.

There is some conflict in the evidence in this record as to the fitness of either party to have the custody of the children. The proof shows that the father lives with a widowed sister who has three children of her own ranging in age from 3 to 8 years, who testified that she was willing to help him care for his children; that he was a sober man of good morals and inclined to teach the boys habits of industry and abundantly able to provide for their necessities. No witnesses testified as to the father's unfitness to have the custody of the children excepting the mother. The proof shows that the mother had always taken care of the children. They seemed attached to her. No witness testified that she was an improper person to have the care of the children excepting the father and his brother. One witness called for the father testified that she was a proper person to have the control of the children. There is some proof to the effect that both were, at times, irritable, nervous and cross with the children. From the evidence in this record we are

of the opinion that both parties were equally fit to have the custody of the children.

The controlling consideration with a court of equity where both the husband and wife are equally fit to have the care of the children is the welfare of the children and not the gratification of either parent. In such cases the custody of the children is often given to the mother where the health or tender years of the children require her attention. 2 Bishop on Marriage and Divorce, 532; Umlauf v. Umlauf, 128 Ill. 378. Under our statute the court may make such order touching the "care, custody and support of the children, or any of them, as, from the circumstances of the parties and the nature of the case, shall be fit, reasonable and just." Hurd's R. S. Chap. 40, Sec. 18.

The common law right of the father to the custody of the child will be made to yield to the discretionary power over the subject vested by this statute in the court (Hewitt v. Long, 76 Ill. 399; Umlauf v. Umlauf, *supra*) where the best interests of the child demand it. Cohn v. Scott, 231 Ill. 556.

The question then arises whether or not it is proper to modify or change the terms of the decree as to the custody of these children or any of them. Albert has expressed a wish to remain with his mother, but it is quite likely that this is because she will be more indulgent with him than the father. Lillian is of such an age that she will undoubtedly go with whichever parent she prefers. As to the older children, we are of the opinion that it was right to award the custody to the father, but as to the youngest girl Dorothy, while there is no proof that her health is delicate, it is apparent that she would receive care more suitable to her tender years from her mother than she could from an aunt who had three young children of her own. Unquestionably no other person can feel for a girl as her mother does or show her the love and affection which she will receive from her mother. After a careful study of this record we are led to the

conclusion that the true interests of this youngest girl Dorothy require that the common-law right of the father should be made to yield to her welfare.

Therefore the decree questioned by this writ of error is affirmed except as to the girl Dorothy and as to her it is reversed and remanded with directions to the court below to so modify the decree as to give her custody to the mother, but at her sole expense. The decree required the father to make such liberal provision for the support of the mother that she should not be given an opportunity to apply for an increase of that allowance for the support of this child. If she is not willing to abide the expense herself of supporting and educating the child Dorothy, she may return her to the father.

*Affirmed in part, reversed in part, and remanded with directions.*