## Charles W. Gillett, Plaintiff in Error, v. Elizabeth Parker Bryant, formerly Elizabeth Parker Gillett, Defendant in Error.

### Gen. No. 22,228.    (Not to be reported in full.)

Error to the Circuit Court of Cook county; the Hon. FREDERICK A. SMITH, Judge, presiding. Heard in this court at the March term, 1916. Affirmed. Opinion filed February 5, 1917.

### Statement of the Case.

Bill for divorce by Elizabeth Parker Gillett, now Elizabeth Parker Bryant, complainant, against Charles W. Gillett, defendant, charging defendant with habitual drunkenness. From an order, upon defendant's petition, awarding defendant the custody of the children for a limited time, after a decree rendered divorcing the parties and awarding the custody of their children to complainant and forbidding defendant to interfere until further order of the court, defendant brings error.

The decree found the defendant to be an unfit person to have the care, custody, control and education of the children, a boy then seven and a girl then four years of age. They resided with their mother for about a year, when she married one Bryant, a British subject, since which time they lived with her and Bryant at

their home in Lake Forest, Illinois. About two years and seven months later, the defendant filed a petition praying that the care and custody of the children be changed to himself. After extended hearing the prayer was denied, but the decree was modified so as to give the defendant the right to visit and talk with the children and be with them on Saturday of each week from twelve o'clock noon to six o'clock in the evening free from interference or espionage of their mother or her agents, servants or others in her behalf, to be delivered to petitioner and returned by him at a specified place, with special provisions as to sickness, vacations, failure of petitioner to meet the children, etc. The order expressed the court's intent eventually upon proper showing to give the petitioner the right to have charge and control of the children at night as well as during the day, and also directed that they should be known by their father's name. The order found petitioner had become a sober, temperate man.

FRANCIS W. WALKER and DONALD C. MUHLEMAN, for plaintiff in error; FRANCIS W. WALKER, of counsel.

WINSTON, PAYNE, STRAWN & SHAW, for defendant in error; EDWARD W. EVERETT, of counsel.

MR. JUSTICE HOLDOM delivered the opinion of the court.

### Abstract of the Decision.

1. DIVORCE, § 153*—*when children of tender years will not be taken from custody of their mother.* As a general rule, children of tender years will not be taken from the custody of their mother where she is physically, morally and by general environment a proper person for them to live with and be controlled by.

2. DIVORCE, § 159*—*when retention of custody of children properly not denied to their mother.* On a petition by a party divorced

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

from his wife, praying that the divorce decree awarding the custody of their children to her be changed and their custody be awarded to him, *held* that, looking to the best interests of the children, who were of tender years, and their care and nurture the chancellor, under the circumstances, did not exceed the exercise of sound, humane, judicial discretion in allowing the mother to retain their custody.

3. DIVORCE, § 153*—*when mother preferred over paternal grandmother as to custody of children.* All things being equal as between the mother and the paternal grandmother of children of tender years, the mother has the preference in law in the matter of the custody and nurture of the children.

4. DIVORCE—*what is effect of marriage of divorced mother to alien on right to custody of children.* The fact that a woman's husband is a British subject, and that by her marriage with him her political status follows his, will not, while they live together within the jurisdiction of a domestic court, affect her right to the custody of her children by a former marriage who are American citizens.

5. DIVORCE, § 150*—*when jurisdiction of domestic court over children of divorced parents is not divested.* Children of divorced parents, who are American citizens, remain such notwithstanding their mother's subsequent marriage to the subject of a foreign power, and are subject to the jurisdiction of a domestic court and its orders concerning their custody as their welfare may demand.

6. DIVORCE, § 150*—*when evidence is insufficient to show that children were estranged from the father.* Evidence *held* not to show that the children of divorced parents were being estranged from their father, on a petition by the father for their custody, they having been in the custody of their mother by decree of court.

7. DIVORCE, § 150*—*what is extent of jurisdiction of court over children after divorce.* The jurisdiction of the court over the children of parties to a suit for divorce continues after the divorce decree, and such children are wards of the court subject to its future orders and directions as to their care and custody.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.