## The People of the State of Illinois ex rel. Dora Lucy Gaddis, Plaintiff in Error, v. Wilford Gaddis, Defendant in Error.

### Gen. No. 7,930.

1. Infants—*considerations controlling determination of child's custody.* The best interests and welfare of the child are the controlling considerations in awarding its custody.

2. Parent and child—*preference to mother in awarding custody of children of tender years.* Children of tender years will not, in general, be taken from the custody of their mother, where she is physically, morally and by general environment a proper person for them to live with and be controlled by.

3. Habeas corpus—*sufficiency of evidence to warrant giving mother of girl of four years sole custody as against father where parents living apart.* On petition for modification of a decree in habeas corpus proceedings awarding a bi-weekly alternation of custody of a child of parents living apart, a decree awarding sole custody to the mother should be entered where the evidence is that since the entry of the original decree the child has attained the age of four years and will soon be of school age, that being a girl, she has present and future special need of a mother's care in the interest of her moral, mental and physical welfare, and that the mother is so situated as to minister adequately to her daughter's needs.

Error by plaintiff to the Circuit Court of Moultrie county; the Hon. George A. Sentel, Judge, presiding. Heard in this court at the October term, 1925. Reversed and remanded with directions. Opinion filed April 15, 1926.

BRYAN H. TIONEN, for plaintiff in error; THOMAS R. FIGENBAUM and CARUS S. ICENOGLE, of counsel.

McLAUGHLIN & BILLMAN, for defendant in error.

MR. PRESIDING JUSTICE NIEHAUS delivered the opinion of the court.

It appears from the record in this case that Dora Lucy Gaddis and Wilford Gaddis, who are husband and wife, are living separate and apart from each other, and have been so separated since November, 1922; that they have a daughter who was born on October 1, 1920, and is at this time between five and six years of age. Since the separation of the husband and wife, she has been living with her father in his home in the city of Mattoon, and Gaddis has continued to reside in the home of his father on a farm in Moultrie county. After the separation, a controversy arose with reference to the custody of the child, Annette Pauline Gaddis. The wife filed a petition for habeas corpus in the circuit court of Moultrie county to procure the custody of the child, which proceeding resulted in a decree entered May 5, 1923, which disposed of the matter by agreement of the parties. The agreement of the parties, which was embodied in the decree, was that the custody of the child be awarded alternately to the mother for two weeks, and to the father for two weeks, and under this arrangement the custody of the little girl has alternated between the parents since that time. On April 13, 1925, however, a petition was filed, on the relation of the mother, to modify the decree concerning the custody of the child, so as to give the mother the full care, custody and control thereof. A hearing was had upon the petition, and upon the hearing the prayer of the petition was denied, and it was ordered by the court that the decree alternating the custody of the little girl remain in force and

effect. A writ of error is now prosecuted from the order and finding of the court.

It is alleged in the petition for modification of the decree first entered, "that since the entry of said order material changes have taken place in the conditions and circumstances affecting the best interests and welfare of said child upon the one hand, and the separate rights of her father and mother upon the other. * * * That the said child is now past four years of age, * * * that she will soon be of school age, and soon must attend school, and that if the father have the child for two weeks, and the mother have the child for two weeks, it will obstruct and seriously hinder the child's opportunities for a fair schooling, and make her attendance at school impracticable and valueless; that the relator, the mother of said child resides at the city of Mattoon, Illinois, in a prosperous and comfortable home of her father, where she and the child are given every necessity and comfort amid beneficial, pleasant and helpful surroundings, close to church and school and hospital; that the approaching girlhood and impressionability of said infant child, and her tender years, and need for a mother's kindness and affection, make the terms of the present order a menace to her mental, moral, and physical future; that the existing order of the court has become impracticable under the new existing conditions, and that the said girl child is attaining an age immediately approaching such a stage in life that her welfare as a girl can best be subserved by her mother, the relator; that said Wilford Gaddis has not provided, and under his present circumstances cannot provide suitable care and suitable home for said child, and that the health, education, training, interests and future moral and physical welfare of said child are jeopardized by his inability, and by the circumstances herein set forth."

It is apparent from the averments in the petition, which are verified by the facts proven, that at the

time of the entry of the first decree, alternating the custody of the child in question between the parents, nothing more than the custody of the child was involved, the child being only about two and a half years old; but that since that time, there is a change of conditions involving the custody, which require a modification of the decree for the best interests of the child, the child being now at approximately school age, and therefore her intellectual and moral training becomes a matter of serious concern, and it now becomes a matter of far reaching importance who should have the custody and control. It is well stated that the best interests and the welfare of the child are the controlling considerations in awarding the custody of children, and "that children of tender years will not be taken from the custody of their mother, where she is physically, morally and by general environment a proper person for them to live with and be controlled by." *Gillett v. Bryant,* 203 Ill. App. 322; *Pearson v. Pearson,* 179 Ill. App. 127; 2 Bishop on Marriage and Divorce 532; *Umlauf v. Umlauf,* 128 Ill. 378. And it has often been emphasized that the necessities of a girl's upbringing are provided best by the ministrations of a good woman. *People v. Weeks,* 228 Ill. App. 262. And in *Miner v. Miner,* 11 Ill. 35, the Supreme Court concisely stated the reasons for the rule above referred to, namely: "While the affection of parents for daughters may be equal, yet the mother, from her natural endowments, her position in society, and her constant association with them, can give them the care, attention and advice so indispensable to their welfare, which a father, if the same children were left to his supervision, would be compelled in a great degree to confide to strangers." The evidence adduced, in support of the petition for modification of the decree, makes it clear that the best interests of the child demand a modification of the former decree, and that the mother be given the charge, custody and control

of the child, and its education, subject to the rights of visitation by the father, which are already provided for in the former decree. The order of the court is therefore reversed, and the cause remanded with directions to modify the decree in accordance with this opinion.

*Reversed and remanded with directions.*