[No. 31203. Department One. April 7, 1950.]

JAMES C. WARD, *Respondent,* v. MARALYNN A. WARD, *Appellant.*[1]

Wright & Wright, for appellant.

Ralph A. Horr, for respondent.

SCHWELLENBACH, J.—The parties to this action were married in Seattle, October 19, 1941. They were both nineteen years of age, had attended Garfield high school, and had gone together for over a year before the marriage. He is colored; she is white. Two children, Karren and Susan, age six-and-one-half and five-and-one-half years respectively, were born, the issue of this marriage. Both children are colored.

[1]Reported in 216 P. (2d) 755.

The husband commenced this action for divorce, alleging that the wife was not a fit person to have the custody of the children, in that she associated with other men, and was given to the excessive use of intoxicating liquor. The wife answered, denying the allegations of the husband's complaint. She cross-complained for a divorce and asked for the custody of the children. She alleged cruel treatment by the husband, both physically and otherwise, and that he accused her of various acts of misconduct which were not true.

After a trial during which seventeen witnesses testified, the trial court entered findings and conclusions and granted an interlocutory order of divorce to the husband and denied the wife's cross-complaint. The court awarded the custody of the children to the father, with an order that he turn them over for care and attention to Goldie Green, his mother, to whom he shall pay the necessary money for their care and support.

The court awarded six life insurance policies to the wife; also the furniture, which was valued at $350. The equity in the home, which was valued at $1,750, was ordered sold and the proceeds divided equally between the parties. The husband was ordered to pay $300 attorney's fees to the wife, and this sum was made a lien upon the husband's interest in the real property. This appeal follows.

■ No useful purpose would be served in recounting any of the testimony given during the trial. We are satisfied, from the record, that the trial court was correct in granting the divorce to the husband and not to the wife; and in holding that she was not a fit person to have the children's custody and that it should be taken from her.

■ There is another reason why we think the trial court was correct in its ruling. We do not question the mother's love for her children. But we have always stated, in divorce cases, that our primary concern is the welfare of the children. We owe that duty to all children brought into a divorce court, regardless of race, color, or creed. These unfortunate girls, through no fault of their own, are the

victims of a mixed marriage and a broken home. They will have a much better opportunity to take their rightful place in society if they are brought up among their own people. Respondent's mother is an estimable lady, has properly looked after the children whenever they have been in her care, and has always sent them to Sunday school.

We believe the interlocutory order should be modified in two respects. In its findings, the trial court found that the husband should pay the wife the sum of fifty dollars a month for twelve months for her support. This should be included in the interlocutory order as an award to the wife, in addition to the other awards granted to her. Secondly, we feel that the custody of the children should be given to Mrs. Goldie Green, respondent's mother, instead of to respondent, with the right of proper visitation in both the respondent and appellant. Because of the ill feeling between the parties, appellant should not be compelled to visit the children at Mrs. Green's home, but should have the right to have them visit her at her home, at proper times, if, as, and when the court shall be satisfied that she has a proper home, with proper surroundings, for the children to visit.

The cause is remanded with directions to modify the interlocutory order as we have indicated. It is, in all other respects, affirmed. Neither party shall recover costs on this appeal.

SIMPSON, C. J., BEALS, GRADY, and DONWORTH, JJ., concur.