Samuel B. Fountaine, Appellee, v. Bette Pannos Foun-
taine, Appellant.

Gen. No. 46,694.

First District, Second Division.
April 3, 1956.
Released for publication April 24, 1956.

Euclid Louis Taylor, and Richard K. Cooper, both of Chicago, for appellant.

Theophilus M. Mann, of Chicago, for appellee.

PRESIDING JUSTICE McCORMICK delivered the opinion of the court.

An appeal was taken from an order entered on December 23, 1954 in the circuit court of Cook county denying the petition of the defendant (the mother) for the custody of the two minor children of the parties which had previously been awarded to the father, the plaintiff, by a decree of divorce entered April 23, 1953.

It appears from the record that the defendant, a woman of the Caucasian race, had married Samuel B. Fountaine, a member of the Negro race. To this marriage two children were born. A complaint for divorce was filed by the plaintiff against the defendant alleging desertion. The defendant was not represented by counsel, but signed a stipulation in the office of the attorney for the plaintiff wherein, among other things, she agreed that the father should have the care, control and custody of the two minor daughters, and on April 23, 1954, after hearing, a decree for divorce was entered in favor of the plaintiff giving the care, control and custody of the two children to the father. At the time of the decree the children were aged five and four years. The father took the children to live with him in the home of his mother, stepfather, sister and sister-in-law, who took care of the children during the time he was at work. The two children have resided continuously in Glencoe, Illinois, with the plaintiff's family from August, 1952 until January, 1953, and from February 20, 1953 to the present time subject to visitation rights granted to the defendant.

The defendant went to California seeking employment and was out of the state for approximately one year, after which time she returned to Chicago and was married to a member of the Caucasian race. He obtained a home for himself and defendant, with adequate living quarters for the minor children, on the south side of the City of Chicago in a neighborhood in which both white and colored people live, in which there are many mixed marriages and both colored and white children attend the same school.

Plaintiff answered defendant's petition for custody of the children and there was a full hearing before the trial court. From the evidence adduced at that hearing it appears that at the time when the defendant signed the custody agreement the father was not supporting them, that she had no money and could not work because she had no one to take care of the children; that the plaintiff had served a term in the penitentiary at Joliet from February, 1952 to February, 1953 on a conviction for rape; that the present husband of the defendant is willing to make a home for the children if the custody is awarded to their mother, his wife. In the hearing the court had the opportunity to observe the plaintiff, the defendant, her present husband, the paternal grandparents, and the paternal aunt.

The plaintiff in his answer to the petition set up that the two children have "the outstanding basic racial characteristics of the Negro race . . . and that for racial and religious reasons these children will make a better adjustment to life if allowed to remain identified, reared and educated with the group and basic stock of the plaintiff, their father."

At the hearing the trial court had the two children before him. The children apparently had more of the racial characteristics of the father than of the mother. The court stated that in his opinion the mother was a fit person to have the custody of the children and that there was no difference in the character or the condi-

484

tion of the home in which they were then residing than that to which the mother proposed to take them, that both homes were over par; and he said that if a difference in color was not involved in the case he would not hesitate for "a moment in awarding custody to the mother."

The defendant's theory is that the trial court abused its discretion in denying her custody of the children solely on the basis of the race and color of defendant mother and the minor children. The plaintiff contends that the trial court acted within its discretion inasmuch as his decision was based upon what he felt was for the welfare and best interests of the children.

■■■■ Under the Illinois divorce statute the trial court is clothed with a wide discretion in determining to which parent the custody of a child shall be awarded. Such discretion is, however, a judicial one which may be reviewed. Nye v. Nye, 411 Ill. 408; Cohn v. Scott, 231 Ill. 556; Buehler v. Buehler, 305 Ill. App. 609. It has also been held in this state that other things being equal the mother will ordinarily be awarded the custody of children of tender years. Nye v. Nye, supra; Miner v. Miner, 11 Ill. 43; People ex rel. Gaddis v. Gaddis, 240 Ill. App. 508; Buehler v. Buehler, supra. The controlling factor which should always influence the decision of the court in awarding custody is the best interest and welfare of the child. See cases cited.

■■■ In the case before us the competent and experienced trial judge carefully and conscientiously considered the problem before him, having in mind the best interests and welfare of the children, and he concluded that such interest and welfare would be best served by leaving the children to reside with the father's family under the decree of the court previously entered. However, from the record before us it appears that the court came to this conclusion solely because of the racial physical characteristics of the children before him, and that he would have awarded the cus-

485

tody of the children to the mother except that they had the appearance of colored children. In passing upon the question of how the interests and welfare of the children will be best served, the court can and should take into consideration all relevant considerations which might properly bear upon the problem. However, we do not believe that the question of race alone can overweigh all other considerations and be decisive of the question. In re Adoption of a Minor, 228 F.2d 446; Moon v. Children's Home Society of Virginia, 112 Va. 737, 72 S. E. 707. If this was the sole and decisive consideration on which the trial court based his decision, and it so appears from the record before us, we feel that his discretion was not properly exercised under the circumstances in the case, even though he went to great lengths to ascertain how the welfare of the children might best be served.

The order of the circuit court of Cook county denying the defendant's petition for custody of the minor children is reversed and the cause is remanded for further proceedings in accordance with this opinion.

Reversed and remanded.

ROBSON and SCHWARTZ, JJ., concur.