[No. 34931.   Department One.   June 18, 1959.]

RAY G. GREIVE et al., Appellants, v. CARL E. WARREN et al., Respondents.[1]

[1]Reported in 340 P. (2d) 815.

*Zundel, Merges, Brain & Isaac* and *Greive & Law* (*G. Robert Brain* and *Charles J. Law*, of counsel), for appellants.

*Riddell, Riddell & Williams*, for respondents.

OTT, J.—Ray G. Greive and William W. Drury (hereinafter referred to as Greive) commenced this action against Carl E. Warren and others (hereinafter referred to as Warren) for an accounting on diesel parts which Greive had delivered to Warren under a consignment agreement, seeking segregation of certain parts commingled, or their value, and judgment of approximately one hundred thousand dollars for parts allegedly sold or converted. At the same time, Greive also caused a writ of attachment to be issued.

The sheriff levied on the Warren home, automobile, and airplane, and warehouses containing the entire inventory of Warren's business were seized and locked.

The specific amount claimed by Greive in the affidavit in support of the application for the writ of attachment was the same as that alleged in the complaint. Greive deposited two fifty-thousand-dollar corporate surety attachment bonds with the clerk of the court.

Warren filed a motion requesting the release of certain property which had been seized and an increase in the attachment bond, upon the grounds that the levy upon the property was excessive to insure satisfaction of the judgment prayed for, and that the seizure of the parts business by the sheriff would result in irreparable loss and damage to Warren.

At the close of Warren's evidence in support of the motion, the trial court increased the attachment bond by two hundred fifty thousand dollars, and ordered the attachment dissolved in the event the increased bond was not deposited with the clerk within five days. Greive did not comply with the order.

From the judgment dissolving the attachment, Greive appeals.

The principal assignment of error is that appellant was not given an opportunity to rebut the value of the property seized.

RCW 4.44.470 provides:

"Whenever by statute a bond or other security is required for any purpose in an action or other proceeding in a court of record and if the party shall apply therefor, the court shall have power to prescribe the amount of the bond or other security notwithstanding any requirement of the statutes; and in every such case money in an amount prescribed by the court may be deposited with the clerk in lieu of a bond. *After a bond or other security shall have been given, the court in its discretion may require additional security either on its own motion or upon motion of an interested party or person.* The courts shall exercise care to require adequate though not excessive security in every instance." (Italics ours.)

From our examination of the record, it is obvious that the court, after hearing part of the evidence, increased the attachment bond on its own motion, as the statute permits

it to do. We are here concerned, then, with whether there was an abuse of discretion in the court's exercise of "care to require adequate though not excessive security."

■ RCW 7.12.060 requires that an attachment bond be "double the amount for which plaintiff demands judgment," as shown by the complaint and the affidavit in support of the application for the writ of attachment. Appellant's pleadings alleged a fixed amount due in excess of one hundred thousand dollars, and an undetermined value in commingled inventory allegedly belonging to appellant. Since the fixed amount required an attachment bond of at least two hundred thousand dollars and there was no offer of proof of the estimated value of the undetermined item, and in view of the admission by appellant of the seizure and closing of the warehouses and business of the respondent, the court did not abuse its discretion in requiring what it considered, under these circumstances, to be an adequate bond.

■ Appellant next assigns error to the court's refusal to grant a continuation of the hearing for more than one day. The granting of a continuance rests within the sound discretion of the court. *Kemp v. Putnam,* 47 Wn. (2d) 530, 537, 288 P. (2d) 837 (1955); *Barrinuevo v. Barrinuevo,* 47 Wn. (2d) 296, 300, 287 P. (2d) 349 (1955); *Donaldson v. Greenwood,* 40 Wn. (2d) 238, 242, 242 P. (2d) 1038 (1952.)

■ Appellant requested a continuance for sufficient time to obtain witnesses to establish that the value of the property seized was less than respondent contended. Although the value of the property seized is a proper element to be considered by the court in determining the amount of the attachment bond, it is not the controlling factor. The statute makes no reference to the value of the property seized, but does establish a formula fixing attachment bonds at twice the amount of the requested judgment. In the instant case, the pleadings established that the statutory formula had not been complied with, or waived by the court. The court did not abuse its discretion in denying the continuance which was requested for the stated purpose.

■ ■ Having determined that the trial court did not abuse its discretion in increasing the amount of the attachment bond and setting a time limit within which the increased bond was to be deposited, it follows that appellant's failure to comply with this order properly resulted in the judgment dissolving the attachment. Both the order and the judgment are before us under Rule on Appeal 14, 34A Wn. (2d) 20, which provides:

"Any party aggrieved may appeal to the supreme court . . . . :

"(1) From the final judgment entered in any action or proceeding. An appeal from any such final judgment shall also bring up for review any order made in the same action or proceeding either before or after the judgment. . . .

"(4) From any order discharging . . . an attachment; . . ."

The judgment is affirmed.

WEAVER, C. J., MALLERY, DONWORTH, and HUNTER, JJ., concur.