[No. 35079.  Department One.  December 31, 1959.]

LEOLA MACKAY, *Respondent,* v. HUNTER JOHN MACKAY, *Appellant.*[1]

[1]Reported in 347 P. (2d) 1062.

*John J. Kennett*, for appellant.

*Wettrick, Flood, O'Brien, Toulouse & Lirhus* (*Ralph C. Hove* and *George J. Toulouse, Jr.*, of counsel), for respondent.

OTT, J.—May 12, 1954, Leola MacKay and Hunter John MacKay were divorced. In the decree, Leola MacKay was awarded, *inter alia*, the custody of their four minor children, monthly support of one hundred twenty-five dollars for each child during his minority, and alimony at a graduated rate, starting at two hundred dollars a month, with a fifty-dollar monthly reduction as each child reaches majority or is emancipated.

October 3, 1957, Hunter John MacKay filed a petition to modify the decree of divorce, alleging

"That since the entry of said divorce decree, a material change in the financial status of both plaintiff and defendant has occurred which requires that the decree be modified with respect to monthly payments for alimony and child support money."

The cause was heard commencing December 16, 1957, and terminating December 20, 1957, at which time the court took the matter under advisement.

February 18, 1958, the court ordered a supplemental hear-

ing, and notified counsel of record for the parties as follows:

"The court hereby orders a supplemental hearing to receive additional evidence bearing upon the petitioner's current annual rate of earning. Specifically the court directs that a copy of the defendant's Federal Income Tax return for the calendar year 1957, be furnished to the court and copies of petitioner's returns which will become due to the Washington State Tax Commission for the two bi-monthly periods of January and February, 1958, and March and April, 1958, in connection with the receipt of petitioner's professional income.

"A tentative date for this additional hearing is set for May 16, 1958, at the hour of 1:30 p. m. In the event that a subsequent date will better suit the convenience of either counsel, arrangements for such later date on another Friday afternoon may be made with the bailiff for department 12."

May 6, 1958, the court wrote to counsel of record as follows:

"Please refer to the court's letter of February 18, 1958 ordering a supplemental hearing. In view of the fact that no alternate dates have been applied for by either counsel of record, the supplemental hearing will be at the time stated therein, that is, May 16, 1958 at 1:30 P. M.

"In addition to the production of copies of petitioner's federal income tax returns and his bi-monthly business tax returns due the State of Washington, the court will consider any other evidence bearing upon either party's financial condition relative to the petition now before the court wherein the defendant seeks to modify the divorce decree.

"Also the court desires proof as to status of accounts between the parties as they will exist on May 16, 1958."

Subsequently, the court was advised that the parties were attempting to settle their differences, but that it was contemplated the time required to determine whether an agreement could be reached would extend beyond May 16th, the date set for the supplemental hearing upon the petition to modify. June 20, 1958, the trial judge caused the following docket entry to be made:

"460443 Leola MacKay vs. Hunter John MacKay
"ENT'D. Matter continued subject to call."

September 16, 1958, the court again wrote the attorneys as follows:

"Certain bookkeeping records belonging to the defendant were left with the court by defendant's former counsel. They have been and now are in the Judge's chambers. It would be appreciated if defendant's present attorney would make arrangements to have them removed. They presently serve no purpose and are an inconvenience.

"The court is awaiting response to its previous request for additional evidence relating to rate of annual income of the defendant."

October 17, 1958, without any further proceedings, the court filed its memorandum opinion, based upon the evidence adduced at the original hearing on the petition to modify, and concluded:

" . . . If the defendant's accounting records of the monthly periods approaching trial were indicative of a real downward trend in annual income, there would have been other evidence to substantiate it. The court has requested that additional evidence be brought in bearing upon this subject. Since the defendant has failed to produce such supporting evidence, the court assumes that it is not available.

"Therefore, the plaintiff is entitled to a decree dismissing defendant's petition."

The prevailing party prepared proposed findings of fact, conclusions of law, and judgment based upon the court's memorandum opinion, served them upon counsel of record, and noted them for presentation November 7, 1958.

November 7, 1958, plaintiff appeared by counsel. The defendant appeared in person without counsel. The defendant, orally and in writing, requested the court to grant a continuance, prior to the entry of findings of fact, conclusions of law, and judgment, for the purpose of his furnishing the requested documentary evidence and further proof relating to his financial status. The defendant stated that he was never notified that his last counsel of record had withdrawn, and that, only the day before, had he been advised that on October 17th the memorandum opinion had been mailed to his former attorney

of record. He requested further time to obtain counsel to represent him. He stated that he was ready, able, and willing to present the requested evidence. He advised the court that he had not intended to be dilatory in furnishing the documentary evidence and other evidence requested by the court; that he had been advised by his former counsel that the continuance "subject to call" was for the court's convenience, and that, to his knowledge, the case had never been called for the presentation of additional evidence.

The court denied the defendant's request for a continuance, and entered findings of fact, conclusions of law, and judgment dismissing the petition for modification. A motion for new trial was denied, and the defendant appeals.

Error is assigned to the court's refusal to grant a continuance.

■ It is the general rule that a motion for a continuance is addressed to the sound discretion of the court, and the exercise of that discretion will be set aside only for a manifest abuse thereof. *Greive v. Warren*, 54 Wn. (2d) 365, 368, 340 P. (2d) 815 (1959); *Kemp v. Putnam*, 47 Wn. (2d) 530, 537, 288 P. (2d) 837 (1955); *Barrinuevo v. Barrinuevo*, 47 Wn. (2d) 296, 300, 287 P. (2d) 349 (1955); *Donaldson v. Greenwood*, 40 Wn. (2d) 238, 242, 242 P. (2d) 1038 (1952).

■ In *State ex rel. Clark v. Hogan*, 49 Wn. (2d) 457, 462, 303 P. (2d) 290 (1956), we defined judicial discretion as

" . . . a sound judgment which is not exercised arbitrarily, but with regard to what is right and equitable under the circumstances and the law, and which is directed by the reasoning conscience of the judge to a just result."

In the instant case, the court, upon its own motion, reopened the hearing on the petition for the express purpose of receiving further documentary proof, as well as for receiving any additional material evidence either party should offer. When a satisfactory date was not immediately agreed upon, the court, by docket entry, continued the cause "subject to call."

■ The procedural term, "subject to call," as used by the trial court, is not defined in the special rules of the

superior court for King county, nor is the procedure outlined which thereafter should be invoked. In order to determine the subsequent procedure, the words used must be given their usual and ordinary meaning. "Subject to call" ordinarily means that either of the interested parties can, by a proper motion addressed to the trial court, request that the cause be called for trial on a day certain. Likewise, the term would ordinarily mean that the trial court, in order to clear its calendar of pending litigation, could notify the counsel of record that it was calling the case for trial and arrange a trial date.

■ In the instant case, neither party nor the court made any effort to call the cause for a hearing subsequent to the June 20th docket entry. The record discloses that the court had, on its own motion, requested further evidence before entry of judgment, and had been apprised that a settlement was being negotiated.

On the day the judgment was entered and the continuance was requested and denied, the appellant was not represented in court by counsel. Although a notice of withdrawal had been filed with the clerk of the court, appellant's counsel of record had not been released by the court from his service and duty to his client. The record shows that the appellant was ready, able, and willing to furnish the evidence requested, but was misled in the timeliness of its presentation by the court's journal entry continuing the cause "subject to call." Under these facts, to refuse to grant a reasonable continuance was, in our opinion, an abuse of judicial discretion.

The judgment dismissing the petition for modification is reversed, and the cause remanded with instructions to grant a supplemental hearing thereon.

WEAVER, C. J., MALLERY, DONWORTH, and HUNTER, JJ., concur.

---

February 25, 1960. Petition for rehearing denied.