**Dolores Day, Plaintiff-Appellant, v. Roy W. Day, Defendant-Appellee.**

**Gen. No. 11,513.**

Second District, Second Division.
November 27, 1961.

Thomas P. O'Malley, of Aurora, for appellant.

Goldsmith & Dyer, of Aurora, for appellee.

WRIGHT, J.

The plaintiff, Dolores Day, appeals from a modified decree entered by the trial court on October 28, 1960, awarding the custody of her three minor children, namely, Michael Day, Catherine Day and Patricia Day, to the father, Roy W. Day, defendant herein. Plaintiff contends that the modified decree is against the manifest weight of the evidence and should be reversed.

On January 13, 1956, a decree was entered by the City Court of Aurora, Illinois, granting the plaintiff, Dolores Day, a divorce from the defendant, Roy W. Day, and awarding custody of their three minor children to the plaintiff. Subsequent to the entry of the divorce decree, the plaintiff and defendant remarried to other persons. The plaintiff was married to Noe Andrews on June 13, 1956.

The defendant on June 18, 1960, filed a petition for modification of the divorce decree praying that the

custody of the three minor children be changed from the plaintiff and that the defendant, Roy W. Day, be given the permanent care, custody and control of his three children.

The petition to modify alleges among other things that the plaintiff subsequent to the entry of the divorce decree awarding her custody of the children married Noe Andrews and lived with him until about the month of May, 1960. The petition further alleges that Noe Andrews, subsequent to his marriage to Dolores Day, took indecent liberties with Catherine Day, which fact was known by plaintiff, Dolores Day; that notwithstanding her knowledge in this behalf, she continued to allow her husband, Roy W. Day, to live in the same house with her said children and failed to notify the authorities of the alleged acts. He further alleges that Noe Andrews was indicted by the Grand Jury of Kane County, Illinois, and entered a plea of guilty to the charge of taking indecent liberties with Catherine Day.

The trial court, after a hearing on the petition without a jury, entered an order on October 28, 1960, awarding the custody of the three minor children to the defendant, Roy W. Day, and ordered the plaintiff, Dolores Day, to deliver the children to Roy W. Day. On the date of this order, Michael Day was 10 years of age, Catherine Day was 9 years of age and Patricia Day was 7 years of age. The court in its order modifying the decree further provided and ordered the parties to appear before the court one year from the date of the order for the purpose of having the question of custody reviewed.

Since the one ground for reversal is that the modified decree is against the manifest weight of the evidence, it will be necessary to briefly review the evidence adduced at the hearing on the petition to modify.

Plaintiff, Dolores Day, was called under Section 60 for cross examination on behalf of the defendant and testified that she married Noe Wilbur Andrews on June 13, 1956; that they lived in an apartment for some two months after their marriage and that her three children continued to live with their aunt; that they then rented a house and the children came to live with her and her husband, Noe Andrews. Plaintiff further testified that her husband told her previous to their marriage that he had been accused of taking indecent liberties with the children of his previous wife; that Andrews further told her that such a charge had been filed against him but was dropped.

The evidence further discloses that in the year 1959, Millie Mabie, mother of the plaintiff, learned that plaintiff's husband, Noe Andrews, was taking indecent liberties with Catherine Day and Millie Mabie so informed the plaintiff after which a meeting was arranged between the plaintiff, her husband, Millie Mabie and Catherine Day. It is further disclosed that at this meeting Catherine Day confirmed that Noe Andrews had taken indecent liberties with her. Noe Andrews denied these charges and the plaintiff apparently chose to believe her husband instead of her daughter. On March 2, 1960, Noe Andrews was arrested on a complaint charging him with taking indecent liberties with his stepdaughter, Catherine Day, and at the time of his arrest he confessed to such conduct and admitted that it had been going on for about one year. Noe Andrews remained at liberty on bond during the period of two days after his arrest until June 27, 1960, on which date he was sentenced to the Illinois State Penitentiary. During the period between his arrest and sentence, he was permitted to visit and did visit on numerous occasions in the home of the plaintiff where the children were being kept.

The evidence further discloses that the plaintiff, after having learned of her husband's confession, consulted the pastor of the church she attended for counseling. Her pastor referred her to a social worker of the Family Service in Aurora, Illinois. The social worker advocated contacts and meetings between the plaintiff, her husband and three children. The pastor and social worker both testified that plaintiff was a fit and proper person to have the custody of her minor children. Mrs. Venita Jones, a policewoman for nineteen years in Aurora, and Eva Ravlin, the Juvenile Probation Officer for Kane County, Illinois, for eleven years, testified that they did not consider the plaintiff a fit and proper person to have the custody of the three minor children. Eva Ravlin further testified that she had visited the home of the defendant, Roy W. Day, and was favorably impressed by the home; that it was adequately furnished, clean and well organized.

The evidence before the trial court is rather voluminous and conflicting on the question as to fitness of both plaintiff and defendant to have the custody of their three children. We do not question the sincerity of the testimony of any of the witnesses, all of whom appeared to be well informed upon the facts of the case, and sincerely interested in what was best for the welfare of the three children involved. While it is true that plaintiff was advised by a social worker that there be contacts between the plaintiff, her husband and three children after plaintiff's husband had admitted taking indecent liberties with Catherine Day, we believe that the trial court was correct in finding that the plaintiff showed a complete lack of judgment in permitting these contacts, and we are further of the opinion that the evidence supports the finding of the trial court that the lack of judgment

exercised by the plaintiff in permitting the contacts between Noe Andrews and her daughter, after he had confessed to the acts of indecent liberties, was such as to render the plaintiff an improper person at that time to have the custody of her children. This is particularly true when plaintiff, prior to her marriage, had knowledge that Noe Andrews had been accused of taking indecent liberties with his former wife's children. We cannot conceive of a more reprehensible act; one that could be more degrading and more likely to debauch the morals of a girl of tender years than to have a grown man taking indecent liberties with her, and we believe under the conditions that existed in this case that the plaintiff exercised poor judgment in permitting contacts between her daughter, Catherine, and Noe Andrews subsequent to the time he admitted acts of indecent liberties with Catherine and that these contacts could have been nothing other than detrimental to her welfare.

██ ██ The trial court under the Illinois Divorce Statute is clothed with wide discretion in determining which parent the custody of children of tender years shall be awarded. Fountain v. Fountain, 9 Ill App2d 482, 133 NE2d 532; Nye v. Nye, 411 Ill 408, 105 NE2d 300. However, the rule is well established that the controlling factor which should always influence the decision of the court in awarding custody is the best interest of the child, Fountain v. Fountain, supra.

██ From a careful review of the evidence and the record before us, we cannot say that the order of the trial court modifying the decree and placing the custody of the three children with defendant, Roy W. Day, is against the manifest weight of the evidence. Where the evidence is conflicting, the conclusions of the trial judge, who saw and heard the witnesses and had advantages not possessed by the reviewing

court in judging the weight of their testimony, should not be disturbed unless clearly wrong. Horn v. Horn, 5 Ill App2d 346, 125 NE2d 539. We believe that under the conditions that existed at the time of the hearing on the petition to modify, which was brought out by the evidence, that the trial court was justified in taking the children from the mother and awarding custody to the father, and that the modified decree is not against the manifest weight of the evidence. This court is not disposed to disturb findings of fact made by the trial court where the evidence is conflicting.

While this case has been pending on appeal and after both parties filed their briefs herein, the plaintiff filed a written motion, supported by an affidavit, requesting that the order of the trial court modifying the decree be reversed and in the alternative, that the order be reversed and the cause remanded on the ground that questions presented by the instant appeal have already been rendered moot. This motion was taken under advisement with the appeal and the motion is denied for the reason that the matters raised by the motion and affidavit are proper questions and issues for consideration by the trial court and not this court. However, since the trial court in its order of October 28, 1960, reserved jurisdiction to review its decision on the anniversary date thereof in the best interest of the welfare of the children, we believe the matters alleged in the foregoing motion and affidavit, touching on the question of the custody of the three children involved, merits further consideration by the trial court.

The order of the trial court modifying the decree should be and is hereby affirmed.

Affirmed.

SPIVEY, P. J. and CROW, J., concur.