**Joyce M. Froman, Plaintiff-Appellant, v. Thomas M. Froman, Defendant-Appellee.**

**Gen. No. 10,726.**

Fourth District.

July 25, 1966.

James Caleb Stanfield, of Paris, for appellant.

Dillavou, Jones, Overaker & Schwartz, of Paris (Wayne S. Jones, of counsel), for appellee.

TRAPP, P. J.

Plaintiff appeals from that portion of a divorce decree which awarded to the defendant the care and custody of three minor children, the equity in the home and the household furnishings, and a certain income tax refund, denied alimony to the plaintiff, and ordered that each party pay their respective attorneys' fees. The decree did grant a divorce to plaintiff upon the grounds of cruelty, although this issue does not appear to have been sternly contested and there is no cross-appeal.

The decree terminated the third marriage between these parties to which three children were born in the years, 1957, 1960 and 1963, respectively.

The principal issue upon the appeal is the award of the custody of the children. The statement of the trial judge, at the conclusion of the evidence, reflects that the property interests were awarded to the defendant to better provide for the children, while alimony was denied because plaintiff earned more than the defendant.

It is the position of the plaintiff wife that the trial court abused its discretion in awarding custody to the defendant, as there was neither compelling evidence that plaintiff was an unfit mother, nor a positive showing that it was to the best interest of the children to deny custody to the plaintiff.

Strictly speaking, it does not appear that the trial court undertook to pass upon the plaintiff mother's fitness for custody in a moral sense. The decree finds that it is to the best interests of the children that custody be awarded to the defendant father. The trial court, in an oral statement, said that in view of all of the evidence there was some question of whether either parent "might be proper parents for the children." The basis for his ultimate conclusion as to custody seems expressed in the language:

> "The thing we have to base our opinion on is whether the parents in the past have neglected the

children and whether they are about to continue that neglect in the future, and there appeared to be a considerable amount of evidence against the plaintiff on that score."

Upon the issue of the custody of the children, the testimony in behalf of the plaintiff came from her daughter by a former marriage, two sisters, a sister-in-law and a niece. One witness, a girl who was a close friend of plaintiff's daughter, appeared to testify from observations made in the home some three years before the parties separated. The other witness for the plaintiff testified along the lines that the children were fed well-balanced meals, were disciplined in a fair manner by the mother, and that their clothing, as well as the home, was neat and clean. So far as it can be ascertained from the Abstract, it appears that the testimony of these witnesses referred primarily to a period when the parties were living together and sharing the responsibility for the care of the children.

The tenor of the evidence in behalf of the defendant is that for several years plaintiff, about once a week, would stop in a tavern upon leaving her employment at midnight to drink with men and women friends, but that during the last two years prior to the separation of the parties, this convivial practice substantially increased in frequency and that plaintiff would remain away from home until the late hours of the early morning, so that there was frequent occasion for defendant to search for her personally, or by telephoning to taverns. There is testimony that plaintiff was seen upon a number of occasions intoxicated in the company of men other than her husband. The defendant's testimony concerning his morning patrols in search of the plaintiff was corroborated by other witnesses and, at least partially, by plaintiff's daughter, Linda Harvey. There is also defendant's testimony corroborated by his mother and sister that

upon two occasions when plaintiff had taken the children away from the home and was solely responsible for their care, they were found to be physically dirty, the children claimed to be very hungry, and it appeared that their clothing had been unchanged for several days, which, combined with the frailties of small children, left them in a poor condition, indeed. There is testimony that upon one occasion, the plaintiff left the infant of a few months alone, albeit her planned trip would have been made in some ten minutes.

The evidence offered in behalf of the defendant included the adult baby sitter employed by the parties who testified that defendant was an attentive father and thought him "highly recommended" for keeping house, cooking, doing the washing and caring for the children. Plaintiff's teen age daughter testified that the defendant helped take care of the home and children, and that she "did a lot" herself prior to the time she had gone away to school. Two neighbor women testified in behalf of the defendant that he paid more attention to the children than the plaintiff did.

The trial court concluded that the evidence showed adversely to the defendant that he had been intoxicated on one or two occasions during the course of the last two or three years.

Plaintiff urges that this cause must be reversed upon the authority of Nye v. Nye, 411 Ill 408, 105 NE2d 300, and Jayroe v. Jayroe, 58 Ill App2d 79, 206 NE2d 266, but these cases involve substantially different issues. In each, the custody of the children had originally been awarded to the mother and the question was whether such custody should be changed because of the evidence relating to the mother's moral conduct. The opinion in Nye v. Nye, states that there was no showing of unfitness on the ground of lack of personal care for the child, while in Jayroe v. Jayroe, the opinion notes that the personal care of the children was adequate. In each

case the court reached the conclusion that there was no such change of circumstance as required a change of custody. See also Brown v. Brown, 13 Ill App2d 56, 140 NE2d 528.

In Fountaine v. Fountaine, 9 Ill App2d 482 at p 485, 133 NE2d 532, it is said that "other things being equal" the custody of small children will usually be awarded to the mother.

It seems clear that the trial judge exhibited greatest concern in seeking the best interests of the children in the sense of providing the care for daily needs and welfare. In Day v. Day, 33 Ill App2d 247, 178 NE2d 203, the reviewing court affirmed the trial court's decree in taking custody from the mother where the evidence indicated she lacked a sense of judgment in protecting the interests of the child in degrading circumstances.

■ Each party contends that the evidence presented by him is the credible evidence in the cause and each argues that the issue must be determined from the evidence presented in his behalf. This is a case where the trial court's observation of the demeanor and conduct of the witnesses, and his judgment of their credibility, must be carefully considered in the light of the conflicting testimony, and should not be disturbed unless clearly wrong. Horn v. Horn, 5 Ill App2d 346, 125 NE2d 539; Day v. Day, 33 Ill App2d 247, 178 NE2d 203. Here the trial court noted the evidence of past maternal neglect and seemed concerned with the prospect of future neglect.

■ The trial court, in exercising his wide discretion and in searching for a wise solution, could reasonably conclude, under the evidence, that the plaintiff's interest in caring for the children had deteriorated during the last two years, and that their future care by the plaintiff would be neglected insofar as an estimate of the future might be projected from the evidence as to plaintiff's manner of living.

Plaintiff appellant's Abstract must be criticized for its inadequacies and for failure to present the evidence in clear and concise substance as provided by rule, chap 110, § 101.38 and § 201.6 (Ill Rev Stats). We note that an additional Abstract was required as to the testimony of six of seven witnesses called in behalf of the plaintiff, and that an additional Abstract was required as to each of the witnesses who testified in behalf of defendant, while two witnesses testifying for the defendant were omitted entirely from the Abstract. The omitted evidence was relevant to the issue presented in this appeal.

The judgment of the trial court is affirmed.

Affirmed.

SMITH and CRAVEN, JJ., concur.