2 Ill. App.3d 544 (1971)
276 N.E.2d 822
SANDRA LANGIN, now known as SANDRA JONES, Plaintiff-Appellant,
v.
ALLEN DEAN LANGIN, Defendant-Appellee.
No. 70-69.
Illinois Appellate Court  Fifth District.
October 29, 1971.
Rehearing denied December 7, 1971.
Cohn, Korein, Kunin & Brennan, of East St. Louis, (Joseph Cohn, of counsel,) for appellants.
O'Connell & Waller, of East St. Louis, (John F. O'Connell, of counsel, for appellee.
Reversed and remanded.
*545 Mr. PRESIDING JUSTICE EBERSPACHER delivered the opinion of the court:
This is an appeal from a decree entered by the circuit court of St. Clair County, wherein the custodial rights of the minor children of the parties was modified.
The parties to this proceeding were married in 1957. On July 13, 1966 a decree for divorce was entered, where the plaintiff, formerly Sandra Langin, and now Mrs. Sandra Jones, was awarded a divorce. By the terms of the divorce decree she was awarded custody of the three minor children of the marriage. The defendant, Allen Dean Langin, was ordered to make certain support payments and was granted the right of reasonable visitation of the children.
On July 29, 1966, the plaintiff, a Caucasian, married John Jones, a Negro. Shortly thereafter the plaintiff was committed to the State Hospital at Alton, Illinois, and the defendant filed a petition to modify the custody provision of the divorce decree. On the same day the plaintiff executed and filed a consent to that modification. On August 10, 1966, in response to the defendant's petition and the plaintiff's consent, the court ordered the custody of the three minor children to the maternal grandparents, Lloyd and Jennie Smalling. The three minor children have remained in the care of the maternal grandparents since August 10, 1966.
On October 9, 1968 the plaintiff filed a petition for citation for contempt against the defendant, alleging that he had defaulted in the ordered support payments. The maternal grandparents filed an amended complaint seeking a judgment against defendant for alleged arrearage in child support payments. The defendant, who had also remarried since the divorce decree, thereafter filed his petition for modification of the decree, wherein he sought custody of the children. The plaintiff also sought custody of the children by filing her petition to modify the custody portion of the modified decree.
At the hearing both parties testified as to their desire to have custody of the children; the maternal grandparents expressed a similar desire. There is evidence in the record as to the suitability of the homes of both parties and the maternal grandparents. The evidence indicates that both parties are capable of providing a suitable moral climate and the necessary financial resources.
After a hearing on the merits the trial court entered judgment against the defendant in the amount of $3000.00 in favor of the maternal grandparents in regard to the defendant's arrearage in support payments. The court further entered a decree wherein the custody of the children was awarded to the defendant. While the trial court made no finding of fact, *546 the court explained its decision by letter addressed to the parties' counsel, wherein it stated in part:
"This decision is based upon what I consider to be for the best interests of the children, having regard for the fact that in the absence of a finding of unfitness on the part of the parents, that the parents or either of them, has the priority under the law. It would be easier at the moment, and possibly from a materialistic standpoint more beneficial to leave the children with the grandparents, however, in the long run I do not feel that this is in the best interest of the children.
The petition of Sandra Langin has been denied for the reason that I feel it would not be best for the children to take them from the environment and the area which they have known, and to transport them into a strange place into a racially mixed family. I do feel, however, that they should have the opportunity to know their mother and her new family, and to become acclimated to that situation during their formative years on a relatively gradual basis."
The defendant has not appealed the monetary judgment. The appeal of the plaintiff is limited to that portion of the degree wherein the custodial rights were modified to award the care, custody and control of the children to the defendant. The plaintiff urges on appeal that it was error for the trial court to deny the plaintiff custody of the children although the court found her to be a fit parent. More specifically, the plaintiff urges that the trial court abused its discretion in concluding that the welfare of the children would best be served by not transporting them into a racially mixed family and social environment. The plaintiff contends that the question of race alone cannot be determinative and outweigh all other considerations in determining the question of custody.
 1, 2 It is the law of this State that a decree fixing custody is final as to the conditions then existing, and should not subsequently be changed unless on altered conditions or on material facts existing at the time of the decree but unknown to the court. (Nye v. Nye, 411 Ill. 408.) Our courts have uniformly construed the change of circumstances doctrine to mean that the court has wide discretionary power in modifying custody whenever new conditions warrant reconsideration of the custody question, and a modification of a former order is advisable from the standpoint of the children's welfare. Nye v. Nye, supra; Stafford v. Stafford, 299 Ill. 438.
 3 Under the Illinois divorce statute the trial judge is given considerable discretion in the determining to which parent the custody of the child should be awarded; however, the controlling factor which should always influence the decision of the trial court is the best interest and *547 welfare of the child. In the absence of a finding of fact by the court, it is difficult for the reviewing court to determine the basis of that court's decision.
 4 In Fountaine v. Fountaine, 9 Ill. App.2d 482, the court held that race alone cannot outweigh all other considerations and be decisive on the question of custody. The court there stated:
"From the record before us it appears that the court came to this conclusion solely because of the racial physical characteristics of the children before him, and that he would have awarded the custody of the children to the mother except that they had the appearance of colored children. In passing upon the question of how the interests and welfare of the children will be best served, the court can and should take into consideration all relevant considerations which might properly bear upon the problem. However, we do not believe that the question of race alone can overweigh all other considerations and be decisive of the question.
"* * * If this was the sole and decisive consideration on which the trial court based his decision, and it so appears from the record before us, we feel that his discretion was not properly exercised under the circumstances in the case, even though he went to great lengths to ascertain how the welfare of the children might be best served." Also see Stingley v. Wesch, 77 Ill. App.2d 472.
We are also mindful of the fact that a considerable delay has occurred, both below and here, since the entry of the decree by the trial court from which this appeal was taken. Since the entry of that decree, that decree has been stayed and the children have remained in the custody of the maternal grandparents, and apparently are still in their custody. The rendering of our decision was further delayed by the disqualification by two of our members from considering this appeal.
For the reason of this passage of time and the obvious fact that the children are now older, (as we can best determine from the record, the children are presently of the approximate ages of 13, 10 and 7), and for the reasons stated elsewhere in this opinion, the decree entered by the circuit court of St. Clair County is reversed and vacated and the cause is remanded for further proceedings. At such subsequent hearing as may be held in this cause the trial court is directed to make specific findings, as of the time of such hearing, as to the fitness of the parties to have the care, custody and control of the minor children, as well as the fitness of the maternal grandparents, with whom they have resided in excess of five years, the attitude of the spouses of the parties, the mental stability of the parties and the numerous other factors as may bear upon the best *548 interest and welfare of the children, and then provide for custody, giving due weight to the decisions rendered in Nye v. Nye, supra, and Fountaine v. Fountaine, supra.
Reversed and remanded with directions.
QUINDRY and CREBS, JJ., concur.