[No. 2774-1.    Division One.    November 24, 1975.]

SUSAN TUCKER, *Respondent*, v. IRVIN TUCKER, JR., *Appellant*.

*Thomas A. Clark*, for appellant.

*Brett & Daugert* and *Dean Brett*, for respondent.

FARRIS, J.—Susan Tucker was divorced from Irvin Tucker by decree entered January 3, 1974, which awarded custody of their minor son, Damon Shane Tucker, to the mother. It also ordered the father to pay child support in the sum of $75 per month. He appeals.

Error is first assigned to the trial court's denial of a motion for continuance made at the commencement of trial on the ground that counsel for the father was not prepared to proceed. In support of his motion, trial counsel related the following circumstances. The father was first informed of the trial date on August 17, 1973, when a default decree of divorce was set aside. He thereafter retained counsel with whom he conferred on August 21, 1973. Documents which the father gave to his counsel during that conference

reflected that a trial date had been set, but they did not include the trial date. As a result of a telephone call from opposing counsel on Thursday, November 29, the father's trial counsel learned that the trial date was Tuesday, December 4. Following that conversation, he contacted the father who confirmed that trial had been set for December 4. Trial counsel also argued that he had been misled into believing that the trial would not be held until January at the earliest by negotiations with opposing counsel regarding a temporary visitation schedule which included Christmas of 1973.

■ Whether to grant or deny a continuance is a question "addressed to the sound discretion of the court, and the exercise of that discretion will be set aside only for a manifest abuse thereof." *MacKay v. MacKay*, 55 Wn.2d 344, 348, 347 P.2d 1062 (1959). Counsel for the father argues, in reliance upon *Chamberlin v. Chamberlin*, 44 Wn.2d 689, 703, 270 P.2d 464 (1954), that a continuance, especially the first one, should be granted liberally in divorce cases when not to do so would deny a litigant his day in court. *Chamberlin* can be distinguished on its facts. Further, the trial court here granted leave to renew the motion at the conclusion of the mother's case. The motion was not renewed. We find no abuse of discretion in the denial of the motion for continuance.

■ Error is also assigned to the award of custody. The father, who is Black, contends that the interests of the child would be better served if he were awarded custody instead of the mother, who is Caucasian. He relies upon *Ward v. Ward*, 36 Wn.2d 143, 144-45, 216 P.2d 755 (1950):

> There is another reason why we think the trial court was correct in its ruling. We do not question the mother's love for her children. But we have always stated, in divorce cases, that our primary concern is the welfare of the children. We owe that duty to all children brought into a divorce court, regardless of race, color, or creed. These unfortunate girls, through no fault of their own, are the victims of a mixed marriage and a broken home. They will have a much better opportunity to take their

rightful place in society if they are brought up among their own people. Respondent's mother is an estimable lady, has properly looked after the children whenever they have been in her care, and has always sent them to Sunday school.

The Supreme Court has never cited *Ward*. We believe that is would specifically overrule the unfortunate language upon which the father relies if the issue was again before the court. The role which racial considerations should play in a custody case was discussed in *Fountaine v. Fountaine*, 9 Ill. App. 2d 482, 485-86, 133 N.E.2d 532 (1956):[1]

> However, from the record before us it appears that the court came to this conclusion solely because of the racial physical characteristics of the children before him, and that he would have awarded the custody of the children to the mother except that they had the appearance of colored children. In passing upon the question of how the interests and welfare of the children will be best served, the court can and should take into consideration all relevant considerations which might properly bear upon the problem. However, we do not believe that the question of race alone can overweigh all other considerations and be decisive of the question. In re Adoption of a Minor, 228 F.2d 446; Moon v. Children's Home Society of Virginia, 112 Va. 737, 72 S.E. 707.

The record before us reflects that the trial court gave careful consideration to all factors which are relevant to the issue of child custody. We find no abuse of discretion.

■ Finally, the father assigns error to the award of $75 per month as child support on the ground that it exceeds the prayer of the complaint. Here both parents were before the court. The trial court could therefore properly consider the welfare of the child and the economic circumstances of the parents in fixing the award for child support. The $75 award is well within those criteria.

Affirmed.

JAMES and ANDERSEN, JJ., concur.

---

[1]The possible constitutional issue presented by a consideration of race was not raised here or in *Fountaine*.