155 P.3d 978 (2007)
Helen A. PELUSO, a single woman, Appellant,
v.
BARTON AUTO DEALERSHIPS, INC., a Washington corporation, d/b/a Barton Jeep, Respondent.
No. 25008-3-III.
Court of Appeals of Washington, Division 3.
April 17, 2007.
*979 Thomas Michael Roberts, Spokane, WA, for Appellant.
William Jennings O'Brien III, Law Office of William J. O'Brien, Seattle, WA, for Respondent.
SWEENEY, C.J.
¶ 1 The court here refused to allow the plaintiff to present a medical opinion that her thoracic outlet syndrome and a resultant surgery were causally related to an accident caused by the defendant's negligence. The court imposed this sanction because the plaintiff failed to follow the court's case schedule orders. And while these matters are traditionally vested in the sound discretion of the trial court, here the court must make additional findings that no lesser sanction will do, that the violation of its order was willful, and that substantial prejudice to the defendant followed the violation. The court made none of these findings, and so we reverse and remand.

FACTS
¶ 2 Helen Peluso sued Barton Auto Dealerships, Inc., for damages for personal injuries which followed an auto accident. Barton failed to properly secure lug nuts on a tire following some repairs to her Jeep. Ms. Peluso claimed that she was injured.
¶ 3 On November 3, 2004, the court issued a civil case schedule order that scheduled trial for July 11, 2005. On March 16, 2005, a little over four months later, Ms. Peluso's *980 first attorney withdrew. On April 4, Ms. Peluso's second attorney appeared. On April 21, Ms. Peluso's second attorney withdrew. On May 27, Ms. Peluso's current attorney appeared. On June 3, Ms. Peluso moved to continue the July 11 trial date and requested an amended case schedule order. Clerk's Papers (CP) at 19-21. On August 4, the trial court amended the case schedule order and scheduled the trial for October 18, 2005. CP at 54.
¶ 4 On October 13, Ms. Peluso again moved to continue the trial date and to amend the case schedule order. In supporting affidavits, Ms. Peluso represented that she had thoracic outlet surgery on September 1. Dr. Karen Stanek represented in a letter that Ms. Peluso would not be able to tolerate sitting in a courtroom because of her recent surgery and because of Ms. Peluso's use of pain medication. The court struck the trial date.
¶ 5 On December 6, 2005, the trial court entered the order. It granted Ms. Peluso's motion to strike the trial date. But the court denied her motion for a new case schedule order for a number of reasons: "The court finds that the motion was based in part upon the desire of plaintiff to add to its witness disclosures, expert or otherwise, and that will not be allowed. Discovery, witness disclosure and ER 904 practice is closed, and all motions of the parties in limine shall be based upon the records and disclosures, and status of discovery at October 15, 2005." CP at 103. The court awarded terms to Barton in the amount of $2,625 for expert witness expenses and $500 for attorney fees.
¶ 6 This case finally went to trial over five months after the original trial date. But the court refused to allow Ms. Peluso or her physician, Dr. Stanek, to relate her thoracic outlet surgery to the accident. The court refused to permit Ms. Peluso to call Dr. Gregory Luna as a witness or to introduce any evidence that related to the thoracic outlet diagnosis or treatment. Dr. Luna operated on Ms. Peluso for thoracic outlet syndrome.
¶ 7 The jury returned a defense verdict. It found that the accident did not contribute to Ms. Peluso's injury.

DISCUSSION
CASE SCHEDULE ORDER
¶ 8 Ms. Peluso argues that the trial judge abused his discretion by refusing to order a new case schedule order and by refusing to allow her to present evidence that her thoracic outlet syndrome and the resultant surgery was caused by the accident.
¶ 9 Barton responds that Ms. Peluso's disregard of the court's case schedule orders and earlier delays easily support the trial court's refusal to extend discovery again. And Barton argues that there is no showing on this record by Ms. Peluso of a causal relationship between the thoracic outlet syndrome and the accident. Representations by the physicians, Barton argues, are equivocal.
¶ 10 We generally review a trial judge's management of a trial for abuse of discretion. Wash. State Physicians Ins. Exch. & Ass'n v. Fisons Corp., 122 Wash.2d 299, 338, 858 P.2d 1054 (1993); MacKay v. MacKay, 55 Wash.2d 344, 347 P.2d 1062 (1959). But decisions that preclude a party from calling an expert as a sanction for discovery violations are different. Fred Hutchinson Cancer Research Ctr. v. Holman, 107 Wash.2d 693, 706, 732 P.2d 974 (1987). The standard is more rigorous. Id. And while we might question such a limitation on a trial judge's traditional authority to manage his or her courtroom, the difference is now well ensconced in Washington law.
¶ 11 Before the trial court can exclude a witness as a sanction for the failure to comply with a discovery time table, the court must consider, on the record, lesser sanctions. Burnet v. Spokane Ambulance, 131 Wash.2d 484, 494, 933 P.2d 1036 (1997). And the court must find that the disobedient party's refusal to obey a discovery order was willful or deliberate and that it substantially prejudiced the opponent's ability to prepare for trial. Id. Indeed, the court must find that the failure to comply amounted to "`intentional nondisclosure, willful violation of a court order, or other unconscionable conduct.'" Id. (internal quotation marks omitted) (quoting Holman, 107 Wash.2d at 706, *981 732 P.2d 974). The failure to support a decision to exclude a witness with these essential findings is an abuse of discretion. Id. at 497, 933 P.2d 1036.
¶ 12 Our Supreme Court has concluded that it is an abuse of discretion for the trial court to impose the severe sanction of limiting discovery and excluding expert witness testimony without first having considered, on the record, a less severe sanction. Id. The court must consider a sanction that will advance the purposes of discovery and yet compensate the defendant for the effects of the plaintiff's discovery failings. Id. Here, that might well entail additional monetary sanctions for the expenses incurred by Barton as the result of Ms. Peluso's failure to follow the court's case discovery orders.
¶ 13 Mayer v. Sto Industries, Inc.,[1] certainly extends these Burnet requirements to a decision to exclude testimony and to failures described in CR 37(b)(2)(A)-(E). Mayer, 156 Wash.2d at 688, 132 P.3d 115. The court must then consider a lesser sanction, find that the violation was willful, and that the violation resulted in substantial prejudice to the defendant. Id. The reference in Burnet to "`harsher remedies allowable under CR 37(b)'" applies to remedies as dismissal, default, and the exclusion of testimony. Id. at 690, 132 P.3d 115 (internal quotation marks omitted) (quoting Burnet, 131 Wash.2d at 494, 933 P.2d 1036).
¶ 14 Here, the court effectively excluded Ms. Peluso's medical testimony. It refused to extend the case schedule order because the discovery deadlines had already passed. CP at 102-05. But it made no findings that a lesser sanction was not available, or that the violation here was willful, or that substantial prejudice resulted from any of this. See Mayer, 156 Wash.2d at 688, 132 P.3d 115. We are constrained by case authority, then, to hold that the trial judge abused his discretion.
IMPOSITION OF TERMSNEW TRIAL DATE
¶ 15 Ms. Peluso next argues that the judge violated RCW 4.84.100 by imposing terms as a condition of ordering the new trial date. That statute reads: "When an application shall be made to a court or referees to postpone a trial, the payment to the adverse party of a sum not exceeding ten dollars, besides the fees of witnesses, may be imposed as the condition of granting the postponement." RCW 4.84.100.
¶ 16 Barton responds that the award of out-of-pocket expenses for its expert's fees for testimony at trial was proper under RCW 4.84.100 as a witness fee. And the witness fee and the award of the terms in the amount of $500 reasonable attorney fees are authorized by CR 40(e) and Spokane County Local Administrative Rule (LAR) 0.4.1(g)(4).
¶ 17 The decision to impose terms is vested in the discretion of the trial judge. State v. Ralph Williams' N.W. Chrysler Plymouth, Inc., 87 Wash.2d 298, 303, 553 P.2d 423 (1976). The trial judge has discretionary authority to manage his or her courtroom so as to achieve the orderly and expeditious disposition of cases, to assure compliance with the court's rulings and observance of hearing and trial settings. Gott v. Woody, 11 Wash.App. 504, 508, 524 P.2d 452 (1974). This authority is also memorialized in Spokane County Local Court Rule 40(e):
All continuances will be considered only upon written motion, for unforeseeable emergencies, for good cause shown, and upon terms the court deems just.
¶ 18 Further, LAR 0.4.1(g) states:
(1) Failure to comply with the Civil or Domestic Case Schedule Orders may be grounds for imposition of sanctions, including dismissal, or terms.
. . . .
(3) If the Court finds that an attorney or party has failed to comply with the Civil or Domestic Case Schedule Orders and has no reasonable excuse, the Court may order the attorney or party to pay monetary sanctions to the Court, or terms to any other party who has incurred expenses as a result of the failure to comply, or both; in addition, the Court may impose such other sanctions as justice requires.

*982 (4) As used with respect to the Civil or Domestic Case Schedule Orders, "terms" means costs, attorney fees, and other expenses incurred or to be incurred as a result of the failure to comply; the term "monetary sanctions" means a financial penalty payable to the Court; the term "other sanction" includes but is not limited to the exclusion of evidence.
¶ 19 Ms. Peluso argues nonetheless that she should not be subject to terms because of the limitations set out in RCW 4.84.100. First, we read the court rules and the statute in a way that accommodates both when we can. Wash. State Bar Ass'n v. State, 125 Wash.2d 901, 909, 890 P.2d 1047 (1995). Here, there is no conflict. The trial court awarded terms for Ms. Peluso's failure to abide by its case schedule orders. This was more than just the request for a continuance contemplated by RCW 4.84.100. It was the failure of Ms. Peluso to follow the court's orders. Therefore, sanctions were not an abuse of the court's discretion and were clearly accommodated by the court rules.
¶ 20 We reverse the judgment entered on the verdict and remand for further proceedings.
WE CONCUR: BROWN, J. and KATO, J. Pro Tem.
NOTES
[1] Mayer v. Sto Indus., Inc., 156 Wash.2d 677, 132 P.3d 115 (2006).