[No. 41248. Department One. May 20, 1970.]

MARK MCDERMOTT et al., Respondents, v. KENNETH G. WATERS et al., Respondents, MAURICE M. EPSTEIN et al., Petitioners, THE SUPERIOR COURT FOR KING COUNTY, Respondent.*

*Williams, Lanza, Kastner & Gibbs,* by *Don T. Mohlman,* for petitioners.

*Mark McDermott,* pro se.

FINLEY, J.—In their petition to the Supreme Court for a writ of mandamus, Maurice M. Epstein and Murial, his wife, ask that they be dismissed as defendants in King County cause No. 679968, in which action Mark McDermott and Betty, his wife, are the plaintiffs. It is the position of the petitioners that they should be dismissed from the lawsuit under the provisions of CR 41(b)(1) on the ground of lack of diligent prosecution of the case by the McDermotts (plaintiffs) for a period of more than 1 year.

Mark McDermott, acting pro se, filed a complaint May 29, 1967, against a number of attorneys essentially alleging malpractice and seeking damages. An amended complaint was filed October 24, 1967. A second amended complaint was filed December 27, 1967. An answer to the second amended complaint was served June 14, 1968, and filed June 17, 1968, by the Epsteins. Notice of a motion by the Epsteins to dismiss for want of prosecution under the provisions of CR 41(b)(1) was served on June 25, 1969, and filed the following day. A hearing on the motion was noted, and on July 18, 1969, the motion was heard in the Superior

*Reported in 469 P.2d 896.

Court for King County before visiting judge W. R. Cole. Eleven days later an order signed by Judge Cole was filed denying the motion of defendants Epstein for dismissal for want of prosecution.

The above chronology encompasses everything that occurred in the lawsuit of legal significance regarding the applicability of CR 41(b)(1). The McDermotts, as respondents in this mandamus proceeding, have presented nothing by affidavit or in argument here which would add any legally significant occurrences or events to the above chronology respecting the status of the lawsuit.

The principal contention of the McDermotts in urging Judge Cole not to dismiss the action as to the Epsteins was that they, plaintiffs McDermotts, had been unable to obtain counsel to represent them in the lawsuit. This same argument was made by Mr. McDermott at the hearing before the Supreme Court on the Epstein's petition for a writ of mandamus. It should be pointed out that Mr. Julian C. Dewell, a member of the Washington Bar, and of the law firm of Anderson, Hunter & Carlson undertook to represent the McDermotts as plaintiffs in the lawsuit from sometime in October, 1967, until notice of withdrawal from participation in the lawsuit was filed by Mr. Dewell on October 25, 1968. Additionally, it should be noted that Mr. Dewell's participation in the lawsuit apparently came about as a result of complaints by the McDermotts to the State Bar Association of their inability to obtain counsel in the lawsuit and as a result of intercession in their behalf by the State Bar Association.

The purpose of Rule 41(b)(1) is to prevent lack of diligence and delay in the prosecution, trial and disposition of civil litigation. The rule provides for no exceptions as to its applicability. When an answer is filed to a complaint in a civil action and the case is at issue, lack of diligence for 1 year by the plaintiff in the prosecution of the lawsuit will result in peremptory dismissal on motion of the defendant.

If ever this court would be inclined to suspend the application of CR 41(b)(1) in extreme circumstances involving inability of a plaintiff to obtain counsel, we are convinced

that in the present instance Mr. McDermott has not presented such a case. Mr. McDermott's argument before this court and his responses to numerous questions from the bench lead us to several conclusions: (1) that although he is not an attorney, he did an effective job in representing himself pro se in this matter before the Supreme Court; (2) that he is not an indigent; (3) that his alleged inability to obtain and retain legal counsel to prosecute the case in the Superior Court was largely of his doing; and (4) the facts presented to us in this matter clearly call for application of CR 41(b)(1) dismissing the lawsuit in the superior court as to the Epsteins. The Epsteins, as well as the McDermotts, have some right to expect, and to assert in the courts, that reasonable, uniform, efficient and effective standards shall be adhered to in the administration of justice and the processing of litigation.

█ The learned trial judge, somewhat understandably, erred too much on the side of kindness or empathy accorded to the McDermott's allegation of inability to obtain legal counsel. However, Rule 41(b)(1) admits of no such kindness, empathy, or the exercise of judicial discretion in its application. It is a nondiscretionary, peremptory housekeeping rule. Since no notice of trial setting was interposed after the motion to dismiss and before the hearing on that motion, which is the exception to mandatory dismissal under Rule 41(b)(1), the Epsteins clearly have presented a case for application of the rule. They were entitled to the relief CR 41(b)(1) provides from protracted delay in litigation by parties plaintiffs.

The trial court should be reversed and the writ of mandamus should issue from this court directing that the Epsteins be dismissed as defendants in the King County lawsuit.

It is so ordered.

HUNTER, C. J., WEAVER and HAMILTON, JJ., concur.

July 30, 1970. Petition for rehearing denied.