[No. 11804-5-III.    Division Three.    February 23, 1993.]

TIMOTHY J. POLELLO, *Respondent,* v. ANDREW T. KNAPP, *Petitioner.*

*Silas E. Carroll* and *Montgomery & Carroll,* for petitioner.

*Richard J. Hayden; Terry L. Deglow* and *Deglow Law Firm,* for respondent.

THOMPSON, J. — Andrew T. Knapp seeks review of the trial court's refusal to dismiss the lawsuit filed against him by Timothy J. Polello. He contends dismissal was mandated by CR 41(b)(1).[1] We reverse and dismiss.

On January 27, 1987, Mr. Polello and his wife filed a chapter 7 bankruptcy petition. On May 1, 1987, Mr. Polello filed this personal injury lawsuit based on acts allegedly occurring May 4, 1985. Mr. Knapp appeared, answered the complaint, and filed a counterclaim. Mr. Polello deposed Mr. Knapp on August 3, 1987, and filed a jury demand on August 5, 1987.

On April 3, 1989, the superior court clerk moved for dismissal of the lawsuit pursuant to CR 41(b)(2).[2] In response, Mr. Polello answered Mr. Knapp's counterclaim and asserted his discharge in bankruptcy as a defense. Although Mr. Polello's chapter 7 bankruptcy case was closed on September 30, 1988, he moved for a continuance of his lawsuit on the basis it was stayed pending the conclusion of his bankruptcy

---

[1]CR 41(b)(1) provides in pertinent part:

"Any civil action shall be dismissed, without prejudice, for want of prosecution whenever the plaintiff . . . neglects to note the action for trial or hearing within 1 year after any issue of law or fact has been joined, unless the failure to bring the same on for trial or hearing was caused by the party who makes the motion to dismiss. Such motion to dismiss shall come on for hearing only after 10 days' notice to the adverse party. If the case is noted for trial before the hearing on the motion, the action shall not be dismissed."

[2]CR 41(b)(2) provides, in pertinent part: "In all civil cases wherein there has been no action of record during the 12 months just past, the clerk of the superior court shall mail notice to the attorneys of record that such case will be dismissed by the court for want of prosecution unless within 30 days following said mailing, action of record is made or an application in writing is made to the court and good cause shown why it should be continued as a pending case."

proceedings and appointment of counsel. The clerk continued the matter as a pending case.

On June 22, 1990, the court clerk again moved to dismiss this lawsuit. Mr. Polello filed another answer to Mr. Knapp's counterclaim, asserting the counterclaim had been discharged in bankruptcy and Mr. Knapp was willfully violating "the United States Bankruptcy Court's Stay/Restraining Order . . .". He moved ex parte to continue his lawsuit and was granted an ex parte order of continuance.

On July 10, 1991, Mr. Knapp moved to dismiss the lawsuit pursuant to CR 41(b)(1). In response, an affidavit was filed by Mr. Polello's attorney of record. In it, counsel averred he had been appointed to represent Mr. Polello in his bankruptcy and "[t]he Bankruptcy Court [had] not finished with the administration . . ." of the claim against Mr. Knapp. In addition, the former trustee of Mr. Polello's bankruptcy estate filed a notice of appearance on behalf of Mr. Polello personally, and submitted an affidavit opposing dismissal.

Mr. Knapp's attorney filed a responsive affidavit in which he questioned the truth of the averments by Mr. Polello's attorneys of record. He averred that Mr. Polello's bankruptcy case was closed on September 30, 1988, and as of July 22, 1991, had not been reopened. His averments were not disputed by Mr. Polello's attorneys, nor did his attorneys note the lawsuit for trial before the CR 41 hearing.[3]

Mr. Knapp's motion was argued July 26, 1991. The trial court granted Mr. Polello 2 additional weeks to note the matter for trial. Mr. Knapp petitioned this court for discretionary review of the superior court order. Review was accepted.

On September 9, 1991, 45 days after the motion to dismiss was argued, Mr. Polello's bankruptcy case was reopened. The former trustee contends he has been reappointed trustee and our review, or at least our review of Mr. Knapp's

---

[3]At the CR 41 hearing, the former trustee indicated he thought he had requested reopening of Mr. Polello's bankruptcy case.

counterclaim, is stayed pursuant to 11 U.S.C. § 362(a).[4] He also contends the bankruptcy estate is the real party in interest and this court is prohibited from taking any action outside the merits to deprive Mr. Polello of his rights to a jury trial under 28 U.S.C. § 157(b)(5).[5] We will address Mr. Polello's contentions first.

## BANKRUPTCY ISSUES

The automatic stay of 11 U.S.C. § 362(a)(1) terminates as to an act against the debtor upon the earliest of the entry of an order granting or denying discharge, the closing or dismissing of the case, or when an order is entered granting stay relief. 11 U.S.C. § 362(c)(2)(d). The stay of 11 U.S.C. § 362(a)(3) as to an act against property of the estate continues until such property is no longer property of the estate. 11 U.S.C. § 362(c)(1).

■ Although the trustee contends the automatic stay is reinstated when a case is reopened, he fails to cite any authorities which support his contention. To the contrary, *In re Gruetzmacher*, 145 Bankr. 270 (Bankr. W.D. Wis. 1991), *In re Bryant*, 95 Bankr. 856 (Bankr. M.D. Ga. 1989), and *In re Trevino*, 78 Bankr. 29 (Bankr. M.D. Pa. 1987) hold that as a general proposition, the automatic stay of 11 U.S.C. § 362(a) is not reinstated upon the reopening of the debtor's case.

---

[4]Section 362(a) of 11 U.S.C. provides that the filing of a bankruptcy petition "operates as a stay, applicable to all entities, of —

"(1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;

". . . .

"(3) any act to obtain possession of property of the estate or of property from the estate . . .".

[5]28 U.S.C. § 157(b)(5):

"The district court shall order that personal injury tort and wrongful death claims shall be tried in the district court in which the bankruptcy case is pending, or in the district court in the district in which the claim arose, as determined by the district court in which the bankruptcy case is pending."

As will be discussed, the trustee's citation of section 157(b)(5) is irrelevant.

■ Even if the automatic stay of 11 U.S.C. § 362(a) is reinstated upon reopening of the debtor's case, it has no application to this appeal. Section 362(a)(1) applies only to the continuation of an action or proceeding *against* the debtor. Here, although the debtor is the respondent on review, the action was originally brought *by the debtor,* not *against the debtor.* As cited, quoted, and adopted in *Ingersoll-Rand Fin. Corp. v. Miller Mining Co.,* 817 F.2d 1424, 1426 (9th Cir. 1987):

> The Sixth Circuit in *Cathey v. Johns-Manville Sales Corp.,* 711 F.2d 60, 62 (6th Cir.1983), *cert. denied,* [478] U.S. [1021], 106 S.Ct. 3335, 92 L.Ed.2d 740 (1986), followed the Third Circuit's rationale stating:
>> In our view, section 362 should be read to stay all appeals in proceedings that were *originally brought* against the debtor, regardless of whether the debtor is the appellant or appellee. Thus, whether a case is subject to the automatic stay must be determined at its inception. That determination should not change depending on the particular stage of the litigation at which the filing of the petition in bankruptcy occurs.
>
> . . . .
>
> *Id.* (quoting *Association of St. Croix Condominium Owners v. St. Croix Hotel,* 682 F.2d 446, 449 (3d Cir. 1982)).

■ Although Mr. Knapp's counterclaim was an action against the debtor for purposes of 11 U.S.C. § 362(a)(1), he conceded that he could not pursue it when Mr. Polello advised him it had been discharged in bankruptcy. As to 11 U.S.C. § 362(a)(3), Mr. Knapp's defense of the lawsuit and his appeal on procedural grounds is not an attempt to exercise control over property of the estate. *Martin-Trigona v. Champion Fed. Sav. & Loan Ass'n,* 892 F.2d 575, 577 (7th Cir. 1989). *See also Proper v. Don Conolly Constr. Co.,* 546 So. 2d 758, 759 (Fla. Dist. Ct. App. 1989).

We address next the trustee's contention this court is prohibited from taking any action to prevent Mr. Polello from having a jury trial based on 28 U.S.C. § 157(b)(5) and the supremacy clause.

We fail to see how section 157(b)(5), governing federal district courts, is relevant to this appeal. Mr. Polello chose a state court forum and no attempt was ever made by the trustee or his attorney to have the case removed to federal

district court. *See* 28 U.S.C. § 1452(a). Further, Mr. Polello's bankruptcy case was closed for almost 3 years, during which time his counsel repeatedly misrepresented the bankruptcy status to the court, and that misrepresentation was not corrected by the trustee when he appeared as debtor's co-counsel. Finally, at the time the trial court entered the order now being reviewed, there was no bankruptcy pending and no stay in effect. 11 U.S.C. § 362(c)(2).

Having determined that review of the trial court's order is not stayed by 11 U.S.C. § 362(a)(1) or (3), we address Mr. Knapp's assignment of error.

### CR 41(b)(1)

Mr. Knapp contends the trial court erred by granting Mr. Polello 2 additional weeks to note his lawsuit for trial. He argues that dismissal is mandatory under CR 41(b)(1) when an issue of law or fact has been joined for more than 1 year and the moving party is not responsible for the matter not having been noted for trial. He cites *Snohomish Cy. v. Thorp Meats*, 110 Wn.2d 163, 750 P.2d 1251 (1988) and *Gott v. Woody*, 11 Wn. App. 504, 505-06, 524 P.2d 452 (1974).

The trustee and Mr. Polello contend that dismissal under CR 41(b)(1) is discretionary and the trial court did not abuse its discretion. They also contend the claim at issue had not been joined for more than 1 year and Mr. Knapp should have noted the matter for trial himself. They cite *Snohomish* and *Hanson v. Lee*, 3 Wn. App. 461, 476 P.2d 550 (1970).

■ A. CR 41(b)(1) Is Mandatory. As stated in *Gott*, at 506, it has consistently been held that dismissal under CR 41(b)-(1) is mandatory when the circumstances fit within the rule.[6] *See also McDermott v. Waters*, 78 Wn.2d 89, 469 P.2d 896 (1970); *Day v. State*, 68 Wn.2d 364, 413 P.2d 1 (1966);

---

[6]In *Gott*, a motion for dismissal was brought *before* the expiration of 1 year after the issue had been joined. Therefore, its holding is limited to the issue whether a trial court has the discretionary authority to dismiss an action for failure to prosecute if *less than 1 year* has passed since any issue of fact or law has been joined and the matter is noted for trial before the hearing on the motion to dismiss. *Gott*, at 506, held the inherent discretionary power of the

*Simpson v. Glacier Land Co.*, 63 Wn.2d 748, 388 P.2d 947 (1964); *Hayes v. Quigg*, 46 Wn.2d 453, 282 P.2d 301 (1955). The circumstances mandating dismissal are: (a) the matter has not been noted for trial or hearing within 1 year after any issue of law or fact has been joined and (b) the failure to note the matter was not caused by the party moving for dismissal.

In *McDermott*, defendants moved for dismissal under CR 41(b)(1) on the ground of lack of diligent prosecution by plaintiffs for a period of more than 1 year. The trial court denied the motion on the basis of plaintiffs' argument that they were unable to obtain counsel to represent them. Defendants petitioned the Supreme Court for a writ of mandamus. *McDermott*, at 91, reversed the trial court and mandated dismissal of the defendants, stating:

> [CR 41(b)(1)] admits of no . . . judicial discretion in its application. It is a nondiscretionary, peremptory housekeeping rule.

After *McDermott*, and before *Gott*, CR 41(b)(1) was amended to add mandatory language of nondismissal if the case is noted for trial before the hearing on the motion. This amendment was at issue in *Snohomish Cy. v. Thorp Meats*, *supra*, cited by both parties.

> We have consistently held that where the provisions of CR 41(b)(1) and its predecessors apply, dismissal of an action is mandatory; there is no room for the exercise of a trial court's discretion. It follows that in ruling on a motion to dismiss pursuant to CR 41, the trial court may not generally consider the merits of the case nor the hardship which application of the rule may bring.
>
> Given these well established rules, it would be anomalous if we were to now hold that a trial court may exercise discretion when faced with circumstances *requiring* that an action under CR 41(b)(1) *not* be dismissed. Before 1967, the only way to avoid dismissal for want of prosecution under the predecessor of CR 41(b)(1) was to note the action for trial within 1 year after issues were joined. In 1967, CR 41(b)(1) was adopted, however, and this critical sentence was added to the rule:

court to dismiss actions is limited by the language of CR 41(b)(1) which mandates *nondismissal* if the matter is noted for trial prior to the hearing on the motion to dismiss.

> *If the case is noted for trial before the hearing on the motion, the action shall not be dismissed.*

(Italics ours.) It seems entirely clear to us, and we so hold, that this sentence now bars dismissal whether the case is noted for trial within 1 year of joinder or after, so long as the case is noted for trial before the motion to dismiss is heard. . . . Thus, the notice of trial setting interposed after the motion to dismiss and before the hearing on the motion *is the exception to what would otherwise be a mandatory dismissal under CR 41(b)(1).*

(Footnotes omitted. Some italics ours.) *Thorp,* at 167-68. *See also Walker v. Bonney-Watson Co.,* 64 Wn. App. 27, 37, 823 P.2d 518 (1992).

Here, the case was not noted for trial before the CR 41(b)(1) hearing. The exception to mandatory nondismissal is therefore inapplicable. The only remaining questions are: when was the case at issue and was the failure to note the matter for trial caused by Mr. Knapp.

B. Joinder of Issue. In response to the clerk's first motion to dismiss, on April 27, 1989, Mr. Polello filed an answer and defenses to Mr. Knapp's counterclaim. Issues of law and fact were thus joined on April 27, 1989. Although on July 23, 1990, Mr. Polello filed another answer without leave of court in order to avoid a second clerk's motion to dismiss, the case was at issue on April 27, 1989.[7] Since the CR 41(b)(1) hearing took place on July 26, 1991, the matter had been at issue for more than 1 year without having been noted for trial.

C. Reason for Failure To Note. Although there are similar obligations on the part of both a plaintiff and counterclaimant to dispose of litigation with reasonable diligence, *Hanson,* at 468, Mr. Knapp did not have an obligation to note his counterclaim for hearing when Mr. Polello answered his counterclaim and informed him it had been discharged in

---

[7]Even if the second answer somehow put the matter at issue when it was filed, more than 1 year would have elapsed between the filing and the *hearing* on the motion to dismiss (*i.e.,* July 23, 1990, to July 26, 1991). Although we have found no authority, the hearing date, not the date the motion is filed, determines whether 1 year has elapsed, especially since the rule gives a party the opportunity to note the matter for trial after the motion is filed and before the hearing takes place.

bankruptcy. Indeed, Mr. Polello's counsel repeatedly warned Mr. Knapp in his trial court pleadings that the injunction imposed when the counterclaim was discharged would be violated if he tried to pursue it.

Since all conditions necessary for mandatory dismissal were met, the trial court erred in failing to order immediate dismissal pursuant to CR 41(b)(1).

We reverse and dismiss.

SHIELDS, C.J., and MUNSON, J., concur.