# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

PAUL KING,

        Appellant,

        v.

STEVE RICE and BARBARA RICE,
individually and the marital community
thereof, dba SUNLIGHT
CONSTRUCTION,

        Respondent.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

No. 67759-4-I

DIVISION ONE

UNPUBLISHED OPINION

FILED: June 10, 2013

APPELWICK, J. — King failed to note his tort claims against Rice for trial for over two years after this court remanded the matter to the trial court. Rice requested dismissal for want of prosecution pursuant to CR 41(b)(1). On the facts here, application of CR 41(b)(1) is mandatory. We affirm the trial court's dismissal of King's claims. We also grant Rice's request for attorney fees.

## FACTS

Paul King filed an action for damages based on the destruction of a modular living unit on a parcel of real property King sold to Steve and Barbara Rice (Rice) in 2004. This court reversed the trial court's summary judgment order dismissing King's complaint and remanded for further proceedings in King v. Rice, 146 Wn. App. 662, 191 P.3d 946 (2008). This court issued the mandate in July 2009.

On July 29, 2011, Rice filed a motion to dismiss for want of prosecution under CR 41(b)(1), noting a hearing with oral argument for August 17. On August 15, King filed a response to Rice's motion to dismiss, as well as a

"MOTION TO ENTER JUDGMENT ON REMAND," and a "MOTION TO SET A NEW TRIAL SCHEDULE." In support of his response, King filed his own declaration and the declaration of Roger Knight, who described himself as King's "long time assistant." In his response, King argued that (1) the case was originally noted for trial in November 2006; (2) Rice caused the delay by filing a summary judgment motion which was granted and then ultimately reversed on appeal; (3) Rice caused further delay by engaging in abusive collection practices forcing King to file for bankruptcy; (4) King was precluded by the bankruptcy action from acting in the case until January 2011; (5) King "contacted the clerk's office several times to get a new case schedule;" and (6) King had noted his motion for a new trial for consideration without oral argument on August 31, 2011.

King did not appear at the hearing on Rice's motion to dismiss on August 17, 2011. Knight appeared and informed the court that King was incarcerated and that Knight had rubberstamped King's signature on the motion papers with King's authorization. The trial court did not allow Knight to argue on King's behalf. In its written order granting Rice's motion and dismissing King's claims without prejudice, the trial court found:

> Although a motion to set new trial schedule (sub 304) is on file, and noted for August 31, 2011, the court notes it is "rubberstamped" and thus in violation of CR 11. The court finds that Mr. King has not noted this matter for trial per CR 41(b)(1), and therefore he has not "cured" any reasons to avoid involuntary dismissal.

2

The trial court denied King's motion for reconsideration.[1]

King appeals.

## DISCUSSION

Where the provisions of CR 41(b)(1) apply, dismissal for want of prosecution "is mandatory; there is no room for the exercise of a trial court's discretion." Snohomish County v. Thorp Meats, 110 Wn.2d 163, 167, 750 P.2d 1251 (1988). In ruling on a motion to dismiss under CR 41(b)(1), "the trial court may not generally consider the merits of the case nor the hardship which application of the rule may bring." Id. CR 41(b) provides:

> For failure of the plaintiff to prosecute or to comply with these rules or any order of the court, a defendant may move for dismissal of an action or of any claim against him or her.
>
> (1) *Want of Prosecution on Motion of Party.* Any civil action shall be dismissed, without prejudice, for want of prosecution whenever the plaintiff, counterclaimant, cross claimant, or third party plaintiff neglects to note the action for trial or hearing within 1 year after any issue of law or fact has been joined, unless the failure to bring the same on for trial or hearing was caused by the party who makes the motion to dismiss. Such motion to dismiss shall come on for hearing only after 10 days' notice to the adverse party. If the case is noted for trial before the hearing on the motion, the action shall not be dismissed.

"The circumstances mandating dismissal are: (a) the matter has not been noted for trial or hearing within 1 year after any issue of law or fact has been joined and (b) the failure to note the matter was not caused by the party moving for dismissal." Polello v. Knapp, 68 Wn. App. 809, 815, 847 P.2d 20 (1993). For the purposes of

---

[1] King assigns error to the denial of his motion for reconsideration, but offers no separate argument in support of his assignment. We therefore do not address it. See RAP 10.3(a)(4), (6).

CR 41(b)(1), "an issue of law or fact is joined when, among other circumstances, a case is remanded from an appeal." Bus. Servs. of Am. II, Inc. v. WaferTech, LLC, 174 Wn.2d 304, 310, 274 P.3d 1025 (2012). "[T]he final sentence of CR 41(b)(1) means precisely what it says, a case shall *not* be dismissed for want of prosecution if it is noted for trial before the hearing on the motion to dismiss." Thorp Meats, 110 Wn.2d at 167.

While both parties have filed lengthy briefs discussing matters outside the record and allegations of misconduct not directly relevant to the dismissal order on appeal, our review is limited to whether the provisions of CR 41(b)(1) apply, making dismissal mandatory.[2] Whether a court rule applies to the facts in a case is a question of law that we review de novo. Wiley v. Rehak, 143 Wn.2d 339, 343, 20 P.3d 404 (2001).

King argues that his claims against Rice cannot be considered as "joined" for purposes of the 1 year time limit of CR 41(1)(b) until his bankruptcy case was dismissed in December 2010. He claims that he was unable to note the matter for trial while his bankruptcy case was pending based on the automatic stay provisions of 11 U.S.C. § 362(a). But, the bankruptcy stay does not apply to an action brought by, rather than against, a debtor and does not prevent the

---

[2] Rice has filed a motion to strike verbatim reports of proceedings of hearings held in January and February 2010 provided by King, based on alleged violations of various court rules. But, even if the reports were properly considered, they do not support King's claim that Rice caused the failure to note the matter for trial. Rice has also filed a motion to supplement the record with various documents to demonstrate misconduct on King's part. But, the documents are not directly relevant to our review of trial court's dismissal pursuant to CR 41(1)(b). We deny Rice's motions.

application of CR 41(b)(1). Polello, 68 Wn. App. at 813 (automatic stay of 11 U.S.C. § 362(a) did not apply to debtor's personal injury suit against another party and dismissal under CR 41(b)(1) was mandatory where conditions were met); see also, In re White v. City of Santee, 186 B.R. 700, 704 (9th Cir. 1995) (automatic stay does not prevent trustee or debtor in possession from prosecuting action initiated by debtor and pending at time of bankruptcy).

Here, King's tort claims against Rice were joined for the purposes of CR 41 (b)(1) when this court remanded the case to the superior court and issued the mandate in July 2009. Bus. Servs. of Am. II, 174 Wn.2d at 310. It is undisputed that King did not note the matter for trial before Rice filed the motion to dismiss in July 2011. Thus, the matter had been joined for more than one year without having been noted for trial.

King also claims that CR 41(b)(1) does not apply, because Rice caused the delay. King claims that Rice initiated "supplemental proceedings" following remand in an improper attempt to collect on certain judgment amounts, forcing him to file bankruptcy. But, King does not claim, and the record does not indicate, that his ability to note the matter for trial was somehow conditioned on his payment of any judgment claimed by Rice or prevented by any supplemental proceedings initiated by Rice after the remand. Cf., State ex rel. Dawson v. Superior Court for Kittitas County, 16 Wn.2d 300, 304, 133 P.2d 285 (1943) (where defendant caused court to enter order staying proceedings until plaintiff made certain payments, defendant was precluded from moving to dismiss for want of prosecution under rule predating adoption of CR 41(b)(1)). And, King provides no

explanation for his failure to note the matter for trial for eight months after his bankruptcy proceedings were finally dismissed. King fails to demonstrate that Rice caused the delay.

King does not claim that he noted the matter for trial before the hearing on Rice's motion to dismiss. Instead, King claims that the trial court erred in its determination that his motion to set a new trial schedule was filed in violation of CR 11. He argues that the exception in CR 41(b)(1) "would have [been] triggered" if the motion had been granted.

CR 11(a) provides in pertinent part:

> Every pleading, motion, and legal memorandum of a party represented by an attorney shall be dated and signed by at least one attorney of record in the attorney's individual name, whose address and Washington State Bar Association membership number shall be stated. A party who is not represented by an attorney shall sign and date the party's pleading, motion, or legal memorandum and state the party's address. . . . If a pleading, motion, or legal memorandum is not signed, it shall be stricken unless it is signed promptly after the omission is called to the attention of the pleader or movant. If a pleading, motion, or legal memorandum is signed in violation of this rule, the court, upon motion or upon its own initiative, may impose upon the person who signed it, a represented party, or both, an appropriate sanction.

Individuals appearing in court on behalf of another party must be licensed to practice law. Lloyd Enters., Inc. v. Longview Plumbing & Heating Co., 91 Wn. App. 697, 701, 958 P.2d 1035 (1998). The right to pro se representation is narrow, limited, and personal. State v. Hunt, 75 Wn. App. 795, 805, 880 P.2d 96 (1994). A grant of a power of attorney does not authorize a person to appear in court on behalf of another party. Id.

6

It is undisputed that Knight is not licensed to practice law, that King did not sign the motion papers requesting a trial schedule, and that Knight "rubberstamped" King's signature on the motion papers. Accordingly, the motion papers violated CR 11's requirement that a pro se party "shall sign" the motion.[3] King claims that he was entitled to an opportunity to remedy his omission and the trial court should have continued the matter "for one or two weeks" to allow him an opportunity to sign the papers. But, where, as here, the plaintiff fails to note a matter for trial before the hearing on a motion to dismiss pursuant to CR 41(b)(1), dismissal is mandatory and it is error to grant additional time for a party to note the lawsuit for trial. Polello, 68 Wn. App. at 817 (where conditions for mandatory dismissal were met, trial court erred by granting plaintiff additional two weeks to note matter for trial). Because the trial court correctly found that King had not noted the matter for trial before the hearing on Rice's motion to dismiss, dismissal was mandatory pursuant to CR 41(b)(1).

Rice requests attorney fees under RAP 18.1 based on the underlying purchase and sale agreement providing, "If Buyer or Seller institutes suit against the other concerning this agreement, the prevailing party is entitled to reasonable attorneys' fees and expenses." Rice also relies on the provision in the escrow agreement stating, "If you are the prevailing party in any action or proceeding between you and some or all of the parties to this escrow, you shall be entitled to all costs, expenses, and reasonable attorney's fees expended or incurred in

---

[3] King fails to identify any relevant Washington authority supporting his claim that CR 11 allows a pro se party to authorize a nonlawyer to sign on his or her behalf.

7

connection therewith." As the prevailing party, Rice is entitled to receive fees on appeal.

Affirmed.

WE CONCUR: