# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
## DIVISION ONE

| | | |
|---|---|---|
| ZENAIDA MONTOYA, | ) | No. 74162-4-I |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| BANK OF AMERICA HOME LOANS, | ) | |
| f/k/a COUNTRYWIDE HOME LOANS, | ) | |
| INC., RECONTRUST CO., N.A., and | ) | UNPUBLISHED OPINION |
| ERIN LEE PHILLIPS and JOHN DOE | ) | |
| PHILLIPS, husband and wife, | ) | FILED: March 7, 2016 |
| | ) | |
| Respondents. | ) | |

VERELLEN, A.C.J. — Zenaida Montoya appeals from the summary judgment dismissing her Consumer Protection Act[1] (CPA) claim and the CR 41(b)(1) order dismissing her fraud-based claims. Montoya may not raise new CPA theories for the first time on appeal. She has not provided an adequate record on appeal to review the CR 41(b)(1) dismissal.

Therefore, we affirm.

## FACTS

In 2007, Montoya borrowed money from Countrywide Home Loans secured by a deed of trust upon her residence.[2] She defaulted. In 2010, Bank of America sent Montoya a notice of trustee's sale, but the sale never occurred.

---

[1] Ch. 19.86 RCW.

[2] Bank of America Home Loans is the successor to Countrywide Home Loans.

Montoya sued various defendants involved in the Countrywide loan transaction. In 2012, Montoya filed a third amended complaint, asserting claims for fraud, unconscionability, a Mortgage Broker Practices Act[3] (MBPA) violation, and a CPA violation. On May 21, 2013, the trial court granted Bank of America partial summary judgment, concluding genuine issues of material fact remained only for Montoya's fraud-based claims.

Over a year later, on June 2, 2014, Bank of America moved to dismiss Montoya's remaining claims for failure to prosecute under CR 41(b)(1). On June 3, 2014, Montoya filed a notice of trial setting, seeking a trial date for a two-day, nonjury trial. On June 5, 2014, Montoya's attorney filed a notice of intent to withdraw effective June 17, 2014.

On June 13, 2014, the trial court continued the motion to dismiss for six weeks. Apparently Montoya did not note the case for trial or obtain a trial date. Six weeks later, the trial court dismissed Montoya's fraud-based claims for failure to prosecute.

Montoya appeals.

## ANALYSIS

### Waiver

Montoya appeals the summary judgment order dismissing her CPA claim. At summary judgment, she argued a per se CPA violation based on an alleged violation of the MBPA. But neither Countrywide nor Bank of America are subject to the MBPA.[4] For the first time on appeal, Montoya argues three new theories of CPA violations:

---

[3] Ch. 19.146.

[4] See RCW 19.146.020(1)(b) ("Any person doing business under the consumer loan act is exempt from [the MBPA] only for that business conducted under the authority and coverage of the consumer loan act.").

(1) the designation of Mortgage Electronic Registration Systems, Inc. (MERS) as the beneficiary in the deed of trust, (2) trustee ReconTrust's failure to maintain an office in Washington, and (3) Bank of America's noncompliance with the federal Home Affordable Modification Program (HAMP) guidelines.

Her arguments on appeal fail for two reasons. First, failure to raise a theory or argument below precludes a party from raising it on appeal.[5] We need not consider on appeal a theory that the trial court "had no effective opportunity" to consider and to rule upon at trial.[6] Montoya may not raise new CPA theories for the first time on appeal.[7]

Second, even if we considered her new CPA theories, they lack merit. The "mere fact MERS is listed on the deed of trust as a beneficiary is not itself an actionable injury."[8] The record lacks any evidence that ReconTrust failed to maintain an office in Washington. Montoya fails to cite a single HAMP provision that Bank of America allegedly violated.[9]

Therefore, we conclude the trial court properly granted summary judgment dismissing Montoya's CPA claim.

---

[5] RAP 2.5(a); Herberg v. Swartz, 89 Wn.2d 916, 925, 578 P.2d 17 (1978) ("An issue, theory or argument not presented at trial will not be considered on appeal."); Wash. Fed. Sav. v. Klein, 177 Wn. App. 22, 29, 311 P.3d 53 (2013) (same).

[6] Commercial Credit Corp. v. Wollgast, 11 Wn. App. 117, 126, 521 P.2d 1191 (1974).

[7] See, e.g., Wash. Osteopathic Med. Ass'n v. King County Med. Serv. Corp., 78 Wn.2d 577, 583, 478 P.2d 228 (1970) (rejecting new theory supporting CPA claim on appeal because the theory was not presented below); Gardner v. First Heritage Bank, 175 Wn. App. 650, 674, 303 P.3d 1065 (2013) (concluding plaintiff waived his CPA claim on appeal because the claim was based on a theory not alleged below).

[8] Bain v. Metro. Mort. Grp., 175 Wn.2d 83, 120, 285 P.3d 34 (2012).

[9] Cowiche Canyon Conservancy v. Bosley, 118 Wn.2d 801, 809, 828 P.2d 549 (1992) (appellate courts do not review arguments unsupported by legal authority).

## *CR 41(b)(1) Dismissal*

Montoya contends the trial court erred in dismissing her fraud-based claims for failure to prosecute, but the record is inadequate to permit review.

CR 41(b)(1) governs involuntary dismissal for want of prosecution. Dismissal is mandatory when the plaintiff "neglects to note the action for trial or hearing within 1 year after any issue of law or fact has been joined."[10] If the case is noted for trial before the dismissal hearing, the case will not be dismissed.[11]

Bank of America moved to dismiss Montoya's remaining claims for failure to prosecute under CR 41(b)(1). Montoya's counsel immediately filed a notice of trial setting scheduled for June 13, 2014, the same date as the motion to dismiss hearing. We have a limited record of what occurred on June 13. The minute entry states, "Court finds this matter should go to trial. Motion to dismiss is denied. Matter will be heard again in 6 weeks, if no pleadings by new counsel[,] the court will grant motion to dismiss."[12] On July 25, 2014, the trial court dismissed Montoya's fraud-based claims for failure to prosecute. The dismissal order states that "the case was not noted for trial before the [m]otion hearing."[13]

We do not have an adequate record to resolve precisely what occurred at the June 13 hearing. At that time, Montoya was still represented by counsel and a notice of trial setting was before the trial court. Montoya bears "the burden of providing an

---

[10] CR 41(b)(1); Snohomish County v. Thorp Meats, 110 Wn.2d 163, 167, 750 P.2d 1251 (1988); Polello v. Knapp, 68 Wn. App. 809, 815, 847 P.2d 20 (1993).

[11] CR 41(b)(1); Thorp Meats, 110 Wn.2d at 168-69.

[12] Clerk's Papers (CP) at 110.

[13] CP at 38-40.

adequate record on appeal."[14] We do not have a verbatim, narrative, or agreed report of proceedings for either the June 13 or the July 25 hearing. The minute entry does not resolve why the court granted Montoya an additional six weeks to note the matter for trial. The trial court ultimately dismissed for failure to note the matter for trial, a valid ground for dismissal under CR 41(b)(1). For lack of an adequate record, Montoya fails to establish a basis for any relief on appeal.

## CONCLUSION

Montoya may not raise new CPA theories for the first time on appeal. The record is inadequate to permit review of the CR 41(b)(1) dismissal order.

Therefore, we affirm.

WE CONCUR:

Trickey, J

---

[14] Story v. Shelter Bay Co., 52 Wn. App. 334, 345, 760 P.2d 368 (1988).