

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| JOHN OROZCO, a/k/a JUAN OROZCO, a married person, | ) ) ) | No. 35495-4-III |
| Appellant, | ) ) | |
| v. | ) ) | UNPUBLISHED OPINION |
| TEAMSTERS LOCAL UNION No. 760, an organizing entity; LEONARD CROUCH, an individual, | ) ) ) ) | |
| Respondents. | ) ) | |

SIDDOWAY, J. — John Orozco appeals the dismissal for want of prosecution of his

wrongful termination claim against Teamsters Local Union No. 760 and Leonard Crouch.

We ordered a reference hearing to determine whether there was a factual basis for Mr.

Orozco's failure to note the matter for trial. Based on the finding from the reference

hearing, we affirm the judgment of dismissal.

FACTS AND PROCEDURAL BACKGROUND

In July 2014, John Orozco filed a lawsuit alleging wrongful termination. The defendants, Teamsters Local Union No. 760 and Leonard Crouch, filed timely answers. Roughly a year and a half later, in December 2015, Mr. Orozco filed an amended complaint. Once again, the defendants filed timely answers.

Mr. Orozco filed his action in Yakima County Superior Court, which is where defendant Crouch's wife is employed. Shortly after the filing of Mr. Orozco's amended complaint, the superior court's eight judges and one of its court commissioners filed notices recusing themselves from the case. As a result, the case was assigned in December 2015 to a visiting judge from Kittitas County, the Hon. Scott R. Sparks.

In mid-May 2016, Mr. Orozco obtained a special setting for a case scheduling conference with Judge Sparks and filed a memorandum proposing the setting of deadlines in the case. The defendants filed a response. The scheduling conference was held on May 31, 2016. Although the record does not indicate when discovery was conducted, it indicates that a fair amount of written and deposition discovery took place. No trial date was ever set, however.

Over a year after the case scheduling conference, on June 13, 2017, the defendants filed a motion to dismiss under CR 41(b)(1) along with a supporting declaration of counsel. Its memorandum stated in part:

2

> The last activity in this case was on May 31, 2016 when the Court conducted a case scheduling hearing. Since then there has been no activity and the case has not been set for trial. Where the provisions of CR 41(b)(1) and its predecessors apply, dismissal of an action is mandatory; there is no room for the exercise of a trial court's discretion.

Clerk's Papers (CP) at 59 (internal citations omitted). The defendants set the motion for hearing 13 days later, on June 26.

Mr. Orozco filed a response, in which, through counsel, he "respectfully request[ed] th[e] Court . . . schedule a trial date at its convenience after considering the availability of counsel." CP at 67. He attributed the delay in setting a trial date to the "unique circumstances of judicial recusals and a visiting judge administration of th[e] case." CP at 68. He did not note the matter for trial.

At the time set for hearing, defense counsel pointed out that "we are now in the hearing of the motion and the case has not been noted for trial." Report of Proceedings (RP) (June 26, 2017) at 4. Mr. Orozco's lawyer responded that while the case had not been noted for trial, "we are asking for the case to be set for trial." *Id.* at 8. He explained that because the case had been specially set before a visiting judge with whom scheduling needed to be coordinated, he "[did] not feel comfortable simply proceeding to attempt to note this, knowing . . . the unique circumstances of this case and the difficulty with getting all of us on the line at the same time." *Id.*

Having heard from counsel, Judge Sparks determined that because the elements of CR 41(b)(1) were met, he did not have discretion. He granted the motion to dismiss. The

judge stated that if he had discretion, he "probably would exercise it on behalf of the plaintiff." *Id.* at 11. The action was dismissed without prejudice. Mr. Orozco appeals.

ANALYSIS

CR 41(b)(1) provides that a party will avoid dismissal of a case for want of prosecution if the case is "noted for trial" before the hearing on the motion. In his briefing on appeal, Mr. Orozco contends that dismissal was improper under CR 41(b)(1) because before the hearing on defendants' motion to dismiss, he noted the matter for trial in what he was reasonably led to believe was a proper manner based on prior proceedings. CR 41 does not itself prescribe the manner in which a matter is to be noted for trial. Assignment of cases for trial is generally addressed by CR 40, but that rule also contemplates local procedures and local rules. *See, e.g.*, CR 40(b).

Particularly because Mr. Orozco's memorandum requesting the 2016 case scheduling conference appeared to contemplate discussion of trial scheduling, the panel to whom this appeal was assigned was concerned there might have been some factual basis for Mr. Orozco's lawyer's belief that he should not note the matter for trial in the manner provided by local rules. Specifically, the panel questioned whether there had been communication outside of the record on appeal that reasonably led Mr. Orozco's lawyer to believe that trial setting was supposed to be coordinated directly with Judge Sparks. This court entered an order directing the trial court to determine

> [w]hether, in the history of the proceedings in the matter, the trial court or court administrator stated or implied that the parties could or should arrange for or obtain a trial date in a manner consistent with the response and Request for Trial Setting that Mr. Orozco filed on June 21, 2017?

Order for Fact Finding Proceeding, *Orozco v. Teamsters Local Union No. 760*, No. 35495-4-III, at 2 (Wash. Ct. App. May 17, 2017). Judge Sparks conducted the hearing as directed and filed a finding indicating that neither he nor the court administrator had ever stated or implied that trial should be noted in the manner attempted by Mr. Orozco's lawyer. *See* [Proposed] Finding of Fact on RAP 9.11 Hearing, *Orozco v. Teamsters Local Union No. 760*, No. 14-2-02075-8 (Super. Ct. Yakima County July 2, 2018).[1]

CR 41(b)(1) provides in relevant part that a civil action "*shall* be dismissed, without prejudice, for want of prosecution whenever the plaintiff . . . neglects to note the action for trial or hearing within 1 year after any issue of law or fact has been joined" unless the failure to note the matter for trial was the fault of the party moving to dismiss. (Emphasis added.) Consistent with the directive "shall," this court held in *Polello v. Knapp*, 68 Wn. App. 809, 847 P.2d 20 (1993) that the rule is mandatory if the conditions provided by the rule are present. They were present here.

Mr. Orozco argues that even if the trial court correctly determined it did not have discretion under CR 41(b)(1), principles of equity should prevent dismissal because his

---

[1] Although the word "Proposed" is not stricken in the caption, the finding of fact is in final form, signed by Judge Sparks and by counsel.

lawyer "secured a commitment from defense counsel . . . [to] refrain from objecting to the setting of a trial date under these unique case circumstances." Appellant's Opening Br. at 17.

"Equitable estoppel is based on the notion that a party should be held to a representation made or position assumed where inequitable consequences would otherwise result to another party who has justifiably and in good faith relied thereon." *Lybbert v. Grant County*, 141 Wn.2d 29, 35, 1 P.3d 1124 (2000) (internal quotation marks omitted). The elements of equitable estoppel are: "(1) an admission, statement or act inconsistent with a claim afterwards asserted, (2) action by another in [reasonable] reliance upon that act, statement or admission, and (3) injury to the relying party from allowing the first party to contradict or repudiate the prior act, statement or admission." *Bd. of Regents of Univ. of Wash. v. City of Seattle*, 108 Wn.2d 545, 551, 741 P.2d 11 (1987). The party asserting the doctrine must prove each element with clear, cogent, and convincing evidence. *Kramarevcky v. Dep't of Soc. & Health Servs.*, 122 Wn.2d 738, 744, 863 P.2d 535 (1993).

In support of Mr. Orozco's argument that his lawyer had "secured a commitment . . . [to] refrain from objecting . . . ," he cites the declaration of his lawyer. Appellant's Opening Br. at 17. At most, Mr. Orozco's lawyer's declaration establishes that during a telephone call with opposing counsel

> I proposed the scheduling a trial date after some reasonable preparation time, provided that the Court might be able to accommodate the parties as early as the September timeframe. Defendants did not voice any objection to the setting of a trial date, as [defense counsel] stated a view that trial scheduling is a matter within the discretion of this Court.

CP at 73.

The first element of equitable estoppel is not demonstrated. Had defense counsel stated to Mr. Orozco's lawyer that he would withdraw his CR 41(b)(1) motion and request for dismissal, *that* would have been an "admission, statement or act inconsistent with a claim afterwards asserted." *Bd. of Regents*, 108 Wn.2d at 551. For defense counsel to listen to his adversary's unwise plan for proceeding and not raise a warning or objection is not such an admission, statement or act.

Mr. Orozco fails to demonstrate the second element as well. His lawyer could not reasonably rely on defense counsel's failure to raise a warning or objection to his unwise plan. Where both parties can determine the law and have knowledge of the underlying facts, estoppel cannot lie. *Lybbert*, 141 Wn.2d at 35.[2]

Mr. Orozco requests an award of fees on appeal, relying on RAP 18.1 and RCW 49.60.030(2). The statute applies to a victim of discrimination who prevails on the merits

---

[2] Mr. Orozco mentions waiver in his briefing but never separately analyzes or argues the application of that doctrine. Appellant's Opening Br. at 16-17. We will not consider waiver in the absence of sufficient briefing. RAP 10.3(a)(6).

in an action under chapter 49.60 RCW. It has no application to Mr. Orozco in this appeal.

Affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Siddoway, J.

WE CONCUR:

_____
Lawrence-Berrey, C.J.

_____
Pennell, J.