IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

| | | |
|---|---|---|
| ROBERT A. LERNER, | ) | No. 78570-2-I |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | |
| | ) | UNPUBLISHED OPINION |
| CASCADE DESIGNS, INC., a | ) | |
| Washington corporation, | ) | FILED: August 26, 2019 |
| | ) | |
| Respondent. | ) | |

VERELLEN, J. — A stay of litigation pending arbitration may expire if the party seeking relief does not take the steps required to commence the arbitration within a reasonable time. Once the stay has expired and the requirements of CR 41(b)(1) are satisfied, the court has the authority to involuntarily dismiss the litigation for want of prosecution.

Here, the issues were joined when defendant Cascade Designs Inc. filed its motion to compel arbitration, necessarily asserting disputed issues of law and fact required arbitration. The court order staying litigation pending arbitration expired when Lerner failed to take the steps required to commence arbitration within a reasonable time. Because more than 12 months of inaction passed after the issues were joined and the stay expired, the trial court had the authority to dismiss for want of prosecution under CR 41(b)(1). We affirm.

## BACKGROUND

In 1996, Robert Lerner and Cascade Designs, Inc. entered into an asset purchase agreement. The agreement required the parties to arbitrate "any controversy arising from this [a]greement or its breach" under the rules of the American Arbitration Association (AAA).[1]

On July 16, 2016, Lerner sued Cascade alleging a breach of the record inspection provisions of the agreement.[2] Cascade did not file an answer to the complaint but, on July 26, 2016, Cascade filed a motion to compel arbitration and dismiss or stay the proceeding pending the arbitration.[3] On August 18, 2016, the court granted Cascade's motion to stay the proceedings "as the parties proceed to address their differences in arbitration per the terms of their [agreement]."[4]

The arbitration provision of the agreement included a process to select a three-person panel. On September 12, 2017, Lerner selected his arbitrator. And on October 24, 2017, Cascade selected its arbitrator. The two arbitrators arrived at a list of four candidates to serve as the third arbitrator and, on February 7, 2018, the third arbitrator was determined. Lerner never filed a demand for arbitration, and no one paid the AAA fee.

---

[1] Clerk's Papers (CP) at 37.
[2] CP at 1-8.
[3] CP at 100-08.
[4] CP at 247-48.

On April 26, 2018, Cascade moved to dismiss the lawsuit for lack of prosecution under CR 41(b)(1). On May 14, 2018, the trial court granted the motion and awarded Cascade attorney fees and costs.[5]

Lerner appeals the dismissal and the award of attorney fees and costs.

## ANALYSIS

### I. CR 41(b)(1)

We review a trial court's order dismissing an action under CR 41 for abuse of discretion."[6]

CR 41(b)(1) governs involuntary dismissal for want of prosecution. Dismissal is mandatory when the plaintiff "neglects to note the action for trial or hearing within 1 year after any issue of law or fact has been joined."[7] But the case will not be dismissed if noted for trial before the dismissal hearing.[8]

First, Lerner argues the 12-month requirement of CR 41(b)(1) cannot be satisfied because no issue of law or fact was ever "joined." Normally, issues of law or fact are joined when the defendant files an answer to the complaint. But in State ex rel Goodnow v. O'Phelan, our Supreme Court recognized, in the context of the joinder requirement for a dismissal for lack of prosecution, it "is plainly a

---

[5] CP at 349.

[6] Woodhead v. Discount Waterbeds, Inc., 78 Wn. App. 125, 130-31, 896 P.2d 66 (1995).

[7] CR 41(b)(1); Snohomish County v. Thorp Meats, 110 Wn.2d 163, 167, 750 P.2d 1251 (1988); Polello v. Knapp, 68 Wn. App. 809, 815, 847 P.2d 20 (1993).

[8] CR 41(b)(1); Thorp Meats, 110 Wn.2d at 168-69.

legal truth . . . that an issue of law or an issue of fact arises whenever in the progress of a legal action or proceeding it becomes necessary and proper to decide a question of law or a question of fact."[9]

Here, although Cascade never filed an answer to the complaint, Cascade's motion to compel arbitration and dismiss or stay proceedings pending arbitration necessarily acknowledged that there were disputed issues of law and fact that required arbitration rather than litigation.

Lerner cites only two cases in his opening brief for the proposition that filing an answer to a complaint is the way issues of law or fact may be joined. He cites no legal authority supporting the premise that there were no disputed issues of law or fact to be resolved in the course of the litigation or arbitration proceeding. On this limited briefing, we conclude that issues of law or fact were joined, for purposes of dismissal for lack of prosecution under CR 41(b)(1), on July 26, 2016, when Cascade filed its motion to compel arbitration and dismiss or stay the proceeding pending arbitration.

Second, Lerner argues the court had no authority to grant Cascade's CR 41(b)(1) motion to dismiss because the court never lifted the stay pending arbitration. As a result, Lerner contends the 12-month inactivity requirement was tolled. But "[a]n order staying the proceedings pending the arbitration is a temporary suspension of the proceedings in court. . . . When the arbitration

---

[9] 6 Wn.2d 146, 150, 106 P.2d 1073 (1940).

[compelled by the court] did not go forward, the stay was no longer in effect."[10]

Here, when Lerner did not take the steps required to commence the arbitration within a reasonable time, the stay expired.

Specifically, the arbitration provision provides "the arbitration shall be governed by the rules of the American Arbitration Association."[11] At oral argument, Lerner suggested this provision does not require arbitration under the auspices of AAA, but he cites no authority to support his argument. An agreement that an arbitration will be "governed by" the rules of AAA clearly requires compliance with those rules.

Under R-4 of the AAA commercial arbitration rules, a demand for arbitration must be filed with the AAA, and the AAA fee must be paid to commence an arbitration.[12]

Lerner contends that Cascade's reliance upon the R-4 requirements is inconsistent with its participation in selecting the three arbitrator panel as provided in the arbitration provision. But the AAA commercial dispute rules expressly defer to any selection process agreed to by the parties.[13] The commencement of

---

[10] Everett Shipyard v. Puget Sound Env't Corp., 155 Wn. App. 761, 769-70, 231 P.3d 200 (2010) (citing In re Matter of Koome, 82 Wn.2d 816, 819, 514 P.2d 520 (1973)).

[11] CP at 37. Here, the most suitable AAA rules are the commercial dispute rules. For example, this is not a construction, employment, or consumer dispute.

[12] AAA Commercial Dispute Rule 4.

[13] See Brown v. MHN Gov't Servs., 178 Wn.2d 258, 273, 306 P.3d 948 (2013) ("Under both the commercial and employment rules, if the arbitration agreement provides its own method for arbitrator selection, that method is used and the AAA does not provide a list of neutral arbitrators.").

arbitration remains subject to the R-4 requirement of a demand for arbitration filed with AAA and payment of the AAA fee. And here, the R-4 requirements were never met.

We do not need to set a bright line for what is a "reasonable time" to commence arbitration, following an order compelling arbitration. By the end of April 2017, eight months had passed and Lerner had not complied with R-4. We conclude the stay was no longer in effect by the end of April 2017. As a consequence, in May 2018, the superior court had the authority to apply CR 41 and involuntarily dismiss for lack of prosecution.

As acknowledged by Cascade in its motion to dismiss, if Lerner had commenced the arbitration or otherwise noted the matter prior to the May 14, 2018 hearing, the court could not have dismissed for want of prosecution. But he did not take advantage of that opportunity. When the court entered its May 14, 2018 order of dismissal, issues of fact and law had been joined for 21 months, and there were at least 12 months of inactivity after the stay expired. The requirements of CR 41(b)(1) were satisfied.

## II. Attorney Fees and Costs

Lerner argues the court erred in awarding attorney fees and costs under the agreement. The agreement provides:

> In the event of litigation or arbitration relating to this [a]greement, the prevailing party shall be entitled to recover interest as may be provided by law, court costs and reasonable attorneys' fees. The

6

court or arbitrator, as the case may be, shall determine which party has, under all the circumstances, "prevailed."[14]

Here, the trial court found that as "a result of the May 14, 2018 [o]rder and other facts, documents, and exhibits of record, [Cascade] is the 'prevailing party' per the [agreement].[15]

Because there was no completed arbitration on the ultimate issues, Lerner argues neither party prevailed at arbitration. But the agreement also allows fees to the prevailing party in the lawsuit. Lerner provides no authority that Cascade failed to prevail when it obtained the dismissal of the lawsuit for lack of prosecution.

III. Fees on Appeal

Cascade requests attorney fees on appeal. Because Cascade is the prevailing party on appeal, it is entitled to an award of attorney fees under the agreement attorney fee provision, upon compliance with RAP 18.1.

CONCLUSION

On the limited briefing provided,[16] Lerner does not establish that the stay remained in effect or that issues of law and fact were not joined. Because more

---

[14] CP at 38.

[15] CP at 517 (Finding of Fact 10).

[16] The appellant has the burden of citing to specific authority supporting the appellant's assignments of error. See Norcon Builders, LLC v. GMP Homes VG, LLC, 161 Wn. App. 474, 486, 254 P.3d 835 (2011) ("We will not consider an inadequately briefed argument."); DeHeer v. Seattle Post-Intelligencer, 60 Wn.2d 122, 126, 372 P.2d 193 (1962) ("Where no authorities are cited in support of a proposition, the court is not required to search out authorities, but may assume that counsel, after diligent search, has found none.").

than 12 months of inactivity passed after joinder and expiration of the stay, the trial court did not abuse its discretion in dismissing the lawsuit under CR 41(b)(1). Additionally, the trial court did not err in awarding fees to Cascade.

We affirm.

WE CONCUR: